**Gordon GOODIER, Appellant,**

v.

**W. Glen DUNCAN, Appellee.**

**No. 05–82–00502–CV.**

Court of Appeals of Texas, Dallas.

April 5, 1983.

Rehearing Denied May 11, 1983.

Stephen James Wilensky, Dallas, for appellant.

Russell W. Schell, Asst. Dist. Atty., for appellee.

Before AKIN, WHITHAM and MALONEY, JJ.

WHITHAM, Justice.

Appellant, Gordon Goodier, appeals a take nothing judgment in favor of appellee, W. Glen Duncan, in an action to enforce a California judgment under U.S.Const. art. IV, § 1, the full faith and credit clause. The issue is whether the doctrine of res judicata precludes an action in a Texas court to enforce a California judgment confirming a California arbitration award when a prior action in that Texas court to enforce the same arbitration award was dismissed with prejudice. The trial court determined that it did. We disagree. Accordingly, we reverse and render.

The present case arose out of the crash of an airplane which Goodier had purchased from Duncan. Delivery of the airplane to Goodier occurred in California, and the airplane was crashed while Goodier was engaged in a test flight. A dispute arose as to whether Goodier or Duncan was responsible for the damage to the airplane, and the parties subsequently submitted the controversy to a California arbitrator who rendered an award in favor of Goodier. Goodier then filed in a Texas district court the first lawsuit against Duncan in which Goodier prayed that the arbitration award be given full faith and credit. In the first action both parties presented their evidence, rested and closed. Thereafter, Goodier later moved to reopen, but the trial court denied his motion. Goodier then took a nonsuit in the first action. Because this nonsuit was taken after Goodier had rested his case, the trial court ultimately entered an order of nonsuit in the first action "with prejudice to re-filing" under Tex.R.Civ.P. 164. During this course of events Goodier brought a second lawsuit against Duncan in the same Texas district court to enforce a California judgment nunc pro tunc confirming the arbitration award.

The chronology of these events is as follows:

March 16, 1979. The trial of first Texas action in which Goodier sought to enforce California arbitration award.

March 29, 1979. Rendition of California judgment nunc pro tunc to December 12, 1976.

April 16, 1979. Goodier's trial brief due in trial court in first action.

April 16, 1979. Goodier files motion in first action to reopen that cause in order to introduce California judgment.

June 14, 1979. Goodier's motion to reopen first action denied.

August 24, 1979. Goodier moves for nonsuit in first action.

August 24, 1979. Court grants Goodier's motion for nonsuit in first action and orders action dismissed *without prejudice.*

August 24, 1979. Goodier files second Texas action in which he seeks to enforce California judgment.

September 4, 1979. Duncan files motion to strike August 24, 1979, order granting

nonsuit and to reinstate case on grounds that in accordance with Tex.R.Civ.P. 164 "[Goodier's] Motion for Non-Suit is untimely and should not have been granted. This case was tried before this Honorable Court on March 16, 1979, and both parties presented their evidence, rested and closed. Therefore, a non-suit could not be legally taken by [Goodier] at any time after he rested his case in chief on March 16, 1979. Further, the non-suit was secured by [Goodier] at a time when this party had a claim for affirmative relief pending in this case."

September 17, 1979. Duncan files supplement to his motion to strike order of nonsuit and to reinstate asserting, in the alternative, that pursuant to Tex.R. Civ.P. 164 dismissal in the order granting nonsuit must be *with prejudice* to refiling.

September 19, 1979. Court rescinds August 24, 1979, order of nonsuit and orders that Goodier's motion for nonsuit be sustained and orders that first action be dismissed *with prejudice* to right to refile.

November 24, 1981. Trial of second action.

February 22, 1982. Judgment rendered against Goodier in second action.

■■■■ Duncan contends that the second action was barred under the doctrine of res judicata because the first action was dismissed with prejudice. We disagree. The doctrine of res judicata applies only where all of these elements exist: Identity of parties, issues, subject matter, relief sought and cause of action. *Oak Lawn Preservation Society v. Board of Managers of Dallas County Hospital District,* 539 S.W.2d 167, 169 (Tex.Civ.App.—Dallas 1976, no writ). We conclude that in the present case there is no identity of cause of action in the two lawsuits. The first action was brought upon an arbitration award. The second action sought full faith and credit to a judgment of a sister state. We recognize that the judgment constituted judicial confirmation of the arbitration award. We conclude, however, that the cause of action upon the judgment stands separate and apart with an identity all its own from the cause of action out of which it arose. As put by the Supreme Court of the United States in *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 275, 56 S.Ct. 229, 233, 80 L.Ed. 220 (1935):

> A cause of action on a judgment is different from that upon which the judgment was entered. In a suit upon a money judgment for a civil cause of action, the validity of the claim upon which it was founded is not open to inquiry, whatever its genesis. Regardless of the nature of the right which gave rise to it, the judgment is an obligation to pay money in the nature of a debt upon a specialty.

In *Milwaukee County* the defendant contended that full faith and credit to the judgment was not required because the suit on a Wisconsin judgment in federal court in Illinois was in substance brought to collect an income tax due from an Illinois citizen to the State of Wisconsin. For purposes of the opinion the Supreme Court assumed that the courts of one state are not required to entertain a suit to recover taxes levied under the statute of another but held, nevertheless, that the states must give full faith and credit to judgments for such taxes. Accordingly, we conclude that in the present case the trial court erred in treating the order of dismissal with prejudice in the first action as a bar to the second action under the doctrine of res judicata.

The judgment of the trial court is reversed and judgment rendered in favor of Goodier and against Duncan in the sum of $10,500.00 with interest thereon at the rate of nine per cent per annum from February 22, 1982, the date judgment was rendered in the second Texas action.[1] All costs are taxed against Duncan.

---

1. Goodier recovered judgment in California against Duncan in the amount of $10,500.00 plus costs and interest (no rate specified) from December 12, 1976. We cannot find in the record that Goodier established the amount of costs or interest due on the California judgment. Accordingly, we do not include those

**28**

amounts in the judgment rendered in the