**Samuel Dabney WARE, Appellant,**

v.

**The EVEREST GROUP,
L.L.C., Appellee.**

No. 05–05–01575–CV.

Court of Appeals of Texas,
Dallas.

Oct. 19, 2007.

Charles Sartain, Looper, Reed & McGraw, P.C., Dallas, for Appellant.

David C. Snell, Bayne, Snell & Krause, San Antonio, for Appellee.

Before Justices WHITTINGTON, FRANCIS, and LANG.

## OPINION

Opinion by Justice LANG.

The Everest Group, L.L.C. ("Everest") filed an action against Samuel Dabney Ware ("Ware") to domesticate and enforce a foreign judgment it owned against Ware. The trial court granted summary judgment in favor of Everest. Ware timely perfected this appeal. In two issues, Ware argues the trial court erred: (1) by granting Everest's motion for summary judgment, and (2) by applying a post-judgment interest rate of 18% to the domesticated foreign judgment. For the reasons set forth below, we reverse the trial court's summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.

In this appeal, we determine that the applicable limitations periods bar Everest's claims. However, to reach that conclusion, we must address a complicated factual and procedural scenario involving common law domestication of a foreign judgment in Texas, domestication of a foreign judgment in Texas pursuant to the Uniform Enforcement of Foreign Judgments Act (chapter 35 of the Texas Civil Practice and Remedies Code), ("UEFJA"), and the legal concepts of dormancy, revival, and statute of limitations as to Texas judgments.

The following conclusions support our ultimate decision that Everest's claims are barred by limitations and that we must reverse the trial court's summary judgment and remand this case for further proceedings consistent with this opinion. First, the record reflects that when Everest filed its suit on July 23, 2004, it sought to domesticate and enforce a 1990 New Mexico "Sister–State Judgment" against Ware. Everest did not proceed pursuant to the UEFJA or refer to an earlier, dormant 1992 Dallas County UEFJA judgment rendered against Ware, which was a domestication under the UEFJA of the same 1990 New Mexico judgment. Everest contends the 1990 New Mexico judgment and the 1992 Dallas County UEFJA judgment are one and the same. We disagree. On this

record and as to these issues, we conclude the two judgments are distinct.

Second, the 1992 Dallas County UEFJA judgment became dormant on November 16, 2002. Thus, pursuant to section 31.006 of the Texas Civil Practice and Remedies Code, which provides for revival of a dormant judgment under Texas law, the 1992 Dallas County UEFJA judgment could be revived within two years of that date. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 31.006 (Vernon 1997) (dormant judgment may be revived by action of debt brought not later than second anniversary of date judgment becomes dormant).

Third, Everest's July 23, 2004 original petition, rather than asserting an action of debt sufficient to revive the 1992 Dallas County UEFJA judgment, asserted an action to domesticate and enforce only the 1990 New Mexico judgment. That action, commenced more than ten years after the 1990 New Mexico judgment was rendered, was barred by the statute of limitations governing actions on foreign judgments.

Fourth, Everest asserts the limitations period applicable to revival of a dormant judgment under Texas law was tolled for "at least nineteen days" due to Ware's absence from the state of Texas. We conclude provisions in the law for "tolling" because of Ware's absence from the state are inapplicable here. Therefore, Everest's December 6, 2004 first amended original petition, which sought revival of the 1992 Dallas County UEFJA judgment, was not timely filed by November 16, 2004, the end of the period in which a dormant judgment may be revived.

Finally, because Everest's July 23, 2004 original petition was barred by limitations at the time it was filed, Everest's December 6, 2004 first amended original petition did not relate back to its original petition

for limitations purposes. Accordingly, Everest's claims respecting revival of the 1992 Dallas County UEFJA judgment are barred because Everest did not proceed to revive the judgment within two years after it became dormant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. 1990 New Mexico Judgment and 1992 Dallas County UEFJA Judgment

On August 15, 1990, a default judgment in the amount of $73,673.82 was rendered against Ware in cause number CV–88–02494 in a state district court of New Mexico. On November 16, 1992, the owner of the New Mexico judgment at the time, Reed Bart Rutledge ("Rutledge"), filed the judgment in Dallas County pursuant to the UEFJA. Rutledge's action was assigned cause number 92–13755–A in the 14th Judicial District Court of Dallas County. Ware responded by filing a "Motion to Contest Recognition of Foreign Judgment or Motion for New Trial" on December 16, 1992, in which he raised a number of defenses to the New Mexico judgment. Ware's motion was overruled by operation of law.

### B. Everest's Claim to 1990 New Mexico Judgment and 2004 Suit

On November 30, 2000, Rutledge and Everest executed an "Assignment of Judgment with Warranty and Request to Change Plaintiff Name." The heading on the document signed by Rutledge and Everest read, "STATE OF NEW MEXICO, COUNTY OF BERNALILLO, SECOND JUDICIAL DISTRICT, No: CV–88–02494." [1] There was no reference to the

---

1. The document executed on November 30,      2000, stated as follows:

1992 Dallas County UEFJA judgment in the November 30, 2000 assignment.

On July 23, 2004, Everest filed this suit in Dallas County. Among the exhibits attached to Everest's original petition was a copy of the August 15, 1990 default judgment granted by the New Mexico state district court in cause number CV–88–02494, which Everest referred to as the "Sister–State Judgment." In Everest's petition, it requested, in part, that the trial court "grant full faith and credit to the Sister–State Judgment and grant judgment for all amounts, including pre-judgment and post-judgment interest due under it." Also, Everest requested the court appoint a receiver pursuant to section 31.002(b)(3) of the Texas Civil Practice and Remedies Code "to take possession of Defendant's non-exempt property and dispose of it to satisfy the Sister–State Judgment." Everest made no reference in its pleading to Rutledge's 1992 Dallas County UEFJA judgment and did not seek revival of the 1992 Dallas County UEFJA judgment.

Ware responded with a general denial on September 29, 2004.

On December 6, 2004, Everest filed a first amended original petition that re-stated Everest's original claims and added a section titled "Action for Debt," which read as follows:

On or about November 16, 1992, Plaintiff's predecessor in interest properly registered the Sister–State Judgment described above with the Clerk of Dallas County. Pursuant to Tex. Civ. Prac & Rem.Code § 35.003, this judgment became a valid, enforceable judgment rendered by a Texas court against Defendant. The judgment is styled *Reed Bart Rutledge et al [.] v. Dabney Development Corp. et al* [.] and bears Cause No. 92–13755–A. Pursuant to Tex. Civ. Prac. & Rem.Code § 31.006, Plaintiff requests that the court enter Judgment in Favor of Plaintiff on the 1992 judgment.

Various motions for summary judgment, amendments, and responses were filed by the parties over a seven-month period from February 2005 through August 2005.[2]

I, REED BART RUTLEDGE, plaintiff and judgment creditor in the above captioned cause filed for in the county of Bernalillo, in the District Court, state of New Mexico, do hereby transfer, and assign all title, right and interest in the judgment entered at above court against DABNEY DEVELOPMENT CORP., et al[.], to assignee, The Everest Group, LLC and further warrant the entire amount of $ 73,673.82, is unpaid, due and owing.

I hereby authorize assignee, The Everest Group, LLC, whose address is 1101 Cardenas Dr. NE Suite 202 Albuquerque, NM 87110, to collect, compromise, settle and enforce said judgment and I withdraw all right and claim to same. I request the Court to change the plaintiff name to: THE EVERAST [sic] GROUP, LLC.

2. In addition, the record contains an "Assignment of Judgment and Judgment Lien" executed by Rutledge on February 16, 2005. That document states in relevant part:

Reed Bart Rutledge d/b/a Royalty Homes, Assignor, transfers and assigns to the Everest Group, LLC, Assignee, all of Assignor's right, title, and interest in the hereinafter described judgment and any judgment liens created thereby:

Court and County: 14th Judicial District Court, Dallas County, Texas
Cause No. 92–13755–A; *Reed Bart Rutledge d/b/a Royalty Homes v. Dabney Development Corp., et al* [.]
Date and Amount of Judgment: November 16, 1992, in the amount of $73,673.82, plus interest thereon at the rate of one and one half percent (1½ %) per month computed from the date of judgment until paid.

Assignor makes no representation, warranty, or guaranty as to the collectability or validity of the judgment assigned, and in the case of nonpayment or non-collectability of the assigned judgment, no recourse shall be had against the Assignor, except, however, that Assignor expressly warrants

In the course of that process, Everest sought summary judgment "that the judgment rendered in the 1992 case has been revived and is of full force and effect" against Ware.

On October 25, 2005, the trial court granted summary judgment in favor of Everest. The judgment stated, "[T]he court is of the opinion that Plaintiff's Motion should be granted, that the judgment rendered in Cause No. 92–13755; *Reed Bart Rutledge d/b/a Royalty Homes vs. Dabney Development Corp. et al* [.], in the 14th Judicial District Court, Dallas County, Texas, has been revived, and that The Everest Group, LLC, should recover from Defendant Samuel Dabney Ware the amounts awarded in the judgment rendered in Cause No. 92–13755." This appeal followed.

## II. REVIVAL OF THE 1992 DALLAS COUNTY UEFJA JUDGMENT

In his first issue, Ware argues the trial court erred in entering final judgment granting Everest's second amended motion for summary judgment. Because the trial court granted summary judgment in favor of Everest on the specific ground that "the judgment rendered in Cause No. 92–13755; *Reed Bart Rutledge d/b/a Royalty Homes v. Dabney Development Corp. et al* [.], in the 14th Judicial District Court, Dallas County, Texas, has been revived," we must expressly consider whether the dormant 1992 Dallas County UEFJA judgment was timely revived pursuant to section 31.006 of the Texas Civil Practice and Remedies Code. However, to do so, we must decide the following preliminary issues: (1) whether the 1990 New Mexico judgment and the 1992 Dallas County UEFJA judgment are separate judgments or are one, and the same; (2) the date when the 1992 Dallas County UEFJA judgment became dormant; (3) whether Everest's July 23, 2004 original petition asserted an "action of debt" sufficient to revive the 1992 Dallas County UEFJA judgment, or whether it was barred by limitations; (4) whether the "action of debt" asserted in Everest's December 6, 2004 first amended original petition was timely filed due to tolling of the limitations period or whether it was not filed within the two-year period within which a dormant judgment may be revived; and (5) whether Everest's December 6, 2004 first amended original petition related back to Everest's July 23, 2004 original petition for limitations purposes.

### A. Standard of Review

A movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex.1999). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex.1999); *Troxel v. Bishop*, 201 S.W.3d 290, 296 (Tex.App.-Dallas 2006, no pet.). The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

that it is the owner and holder of the Judgment and Lien assigned herein.

■ When reviewing a summary judgment granted on specific grounds, the summary judgment can only be affirmed if the ground on which the trial court granted relief is meritorious. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996). Because the propriety of a summary judgment is a question of law, we review the trial court's decision de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005); *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied).

### B. Applicable Law

#### 1. Enforcement of Judgments of Other States

Under section 35.003 of the UEFJA, "[a] copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state." TEX. CIV. PRAC. & REM.CODE ANN. § 35.003(a) (Vernon 1997). "The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed." *Id.* § 35.003(b). "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." *Id.* § 35.003(c). Section 16.066(b) of the Texas Civil Practice and Remedies Code provides, "An action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before the commencement of the action in this state." *Id.* § 16.066(b).

■ When a judgment creditor chooses to proceed under section 35.003, "the filing of a foreign judgment partakes of the nature of both a plaintiff's original petition and a final judgment: the filing initiates the enforcement proceeding, but it also instantly creates a Texas judgment that is enforceable." *Moncrief v. Harvey,* 805 S.W.2d 20, 22 (Tex.App.-Dallas 1991, no writ); *see also Walnut Equip. Leasing v. Wu,* 920 S.W.2d 285, 286 (Tex.1996) (filing of foreign judgment under UEFJA comprises both a plaintiff's original petition and a final judgment) (citing *Lawrence Sys., Inc. v. Superior Feeders, Inc.,* 880 S.W.2d 203, 208 (Tex.App.-Amarillo 1994, writ denied) (filing of foreign judgment under UEFJA has effect of initiating enforcement proceeding and rendering final Texas judgment simultaneously)); *Dear v. Russo,* 973 S.W.2d 445, 448 (Tex.App.-Dallas 1998, no pet.) (challenges to foreign judgments filed under UEFJA are post-judgment proceedings because filing of foreign judgment instantly creates judgment enforceable in Texas); *cf. Goodier v. Duncan,* 651 S.W.2d 25, 27 (Tex.App.-Dallas 1983, writ ref'd n.r.e.) (cause of action on judgment "stands separate and apart with an identity all its own from the cause of action out of which it arose") (citing *Milwaukee County v. M.E. White Co.,* 296 U.S. 268, 275, 56 S.Ct. 229, 80 L.Ed. 220 (1935)).

#### 2. Dormancy and Revival of Judgments

Under section 34.001(a) of the Texas Civil Practice and Remedies Code, if a writ of execution is not issued within ten years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived. TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(a) (Vernon 1997). "A dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." *Id.* § 31.006.

### 3. Relation Back of Pleadings

"If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence." *Id.* § 16.068; *see also Lathem v. Richey,* 772 S.W.2d 249, 255 (Tex.App.-Dallas 1989, writ denied); *Shivers v. Texaco Exploration & Prod., Inc.,* 965 S.W.2d 727, 736 (Tex.App.-Texarkana 1998, pet. denied).

### 4. Collection of Judgments

With respect to collection of judgments through court proceedings, section 31.002 of the Texas Civil Practice and Remedies Code provides in relevant part:

(a) A judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the judgment debtor owns property, including present or future rights to property, that:

(1) cannot be readily attached or levied on by ordinary legal process; and

(2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

(b) The court may:

. . . .

(3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

TEX. CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon Supp.2006); *see also Burns v. Miller, Hiersche, Martens & Hayward, P.C.,* 948 S.W.2d 317, 321 (Tex.App.-Dallas 1997, writ denied).

### C. Application of Law to Facts

### 1. 1990 New Mexico Judgment and 1992 Dallas County UEFJA Judgment: Two Separate Judgments?

■ Ware asserts that "[t]his suit is about two judgments," the 1990 New Mexico judgment and the 1992 Dallas County UEFJA judgment. Everest argues that "what Ware refers to as the '1992 judgment' is nothing more than the New Mexico judgment filed with the Dallas County District Clerk." Further, Everest asserts the "1992 judgment" is not a separate judgment that could be collected upon separately, but is "merely a mechanism for enforcing the New Mexico Judgment in Texas." In support of its argument, Everest provides a general reference to *Lawrence* for the proposition that "the UEFJA is an 'enforcement statute.' " The resolution of this dispute will bear on whether Everest's claim, wherein it seeks to revive the 1992 Dallas County UEFJA judgment, is barred by limitations. However, we do not agree with Everest's position. The two judgments are not one, and the same, on this record, as it relates to the issues in this case.

*Lawrence* involved a question of first impression concerning the application of section 16.066(b) of the Texas Civil Practice and Remedies Code, a ten-year statute of limitations on "actions" to enforce foreign judgments, to a UEFJA enforcement proceeding. *Lawrence,* 880 S.W.2d at 206. The court in *Lawrence* concluded that section 16.066(b) applies equally to proceedings to enforce a foreign judgment under the UEFJA as it does to common law actions for the enforcement of foreign

judgments because "enforcing a foreign judgment under the [UEFJA] constitutes an 'action' as that word is used in section 16.066(b)." *Id.* at 208. In reaching its conclusion, the *Lawrence* court reasoned:

[T]he word "action" is defined as "a judicial proceeding which, if prosecuted effectively, results in a judgment." Filing a foreign judgment under the [UEFJA] has the effect of initiating an enforcement proceeding and rendering a final Texas judgment simultaneously.

*Id.* (citations omitted). In addition, as part of its analysis, the *Lawrence* court noted, "The [UEFJA] is an enforcement statute rather than a mere registration statute." *Id* . Here, Everest does not explain how the partial quote cited from *Lawrence,* that "the UEFJA is an 'enforcement statute,' " supports its argument. Everest provides no other support for its contentions.

In accordance with *Moncrief,* we determine that the November 16, 1992 filing of the 1990 New Mexico judgment pursuant to the UEFJA created a Texas judgment, on that day, in cause number 92–13755–A in Dallas County. *See Moncrief,* 805 S.W.2d at 22. Therefore, on this record, we conclude the 1990 New Mexico judgment and the 1992 Dallas County UEFJA judgment are distinct and are not one, and the same.[3] *Id.*

2. When Did the 1992 Dallas County UEFJA Judgment Become Dormant?

■ Section 34.001(a) of the Texas Civil Practice and Remedies Code provides that

"[i]f a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(a). Ware argues the 1992 Dallas County UEFJA judgment was "rendered" on November 16, 1992, the date Rutledge filed the 1990 New Mexico judgment in Dallas County. Ware asserts that under section 34.001(a), the 1992 Dallas County UEFJA judgment became dormant ten years later, on November 16, 2002.

Everest contends that "[t]he ten year limitations period for a judgment to become dormant does not begin to run until the judgment becomes final or until the clerk can issue execution on the judgment ." Everest asserts that the 1992 Dallas County UEFJA judgment did not become final until February 25, 1993, thirty days after Ware's December 16, 1992 motion for new trial was overruled by operation of law. Therefore, Everest asserts, the ten-year period referenced in section 34.001(a) did not expire until after February 25, 2003, and, pursuant to section 31.006, Everest had "until February of 2005" to revive the 1992 Dallas County UEFJA judgment.

The two cases cited by Everest in support of its argument, *McDonald v. Ayres,* 242 S.W. 192, 195–96 (Tex. Comm'n App. 1922, holding approved), and *John F. Grant Lumber Co. v. Bell,* 302 S.W.2d 714, 715–16 (Tex.Civ.App.-Eastland 1957, writ ref'd), are not instructive. Both cases were decided prior to the 1985 enactment of the current version of section 34.001 and

---

3. We emphasize the conclusion we reach here is applicable on this record before the Court. We do not address any issue of satisfaction of the judgments at issue. *See generally Graco Robotics, Inc. v. Oaklawn Bank,* 914 S.W.2d 633, 645 (Tex.App.-Texarkana 1995, writ dism'd) (where Michigan judgment resulted

from suit dealing with same funds as separate Texas suit, judgment debtor was entitled to set-off on Texas judgment) (citing *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 7 (Tex.1991) (plaintiff may obtain only one recovery for same injury)).

involve facts distinguishable from the case before us. Under the plain language of the statute now in effect regarding when a judgment becomes dormant, the ten-year limitations period begins to run from "rendition" of the judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(a). Further, this Court has specifically stated that "[w]hen a final foreign judgment is properly filed under the [UEFJA], the filing has the effect of initiating an enforcement proceeding and instantly rendering a final judgment in Texas." *Russo,* 973 S.W.2d at 446 (citing *Moncrief,* 805 S.W.2d at 23); *see also Lawrence,* 880 S.W.2d at 208 ("Filing a foreign judgment under the [UEFJA] has the effect of initiating an enforcement proceeding and rendering a final Texas judgment simultaneously."). Accordingly, we conclude the 1992 Dallas County UEFJA judgment was rendered on November 16, 1992, and became dormant ten years later, on November 16, 2002.

### 3. Were Everest's Original and Amended Petitions Sufficient to Revive the 1992 Dallas County UEFJA Judgment?

Everest asserts its July 23, 2004 original petition and its December 6, 2004 first amended original petition each constituted timely filed actions of debt sufficient to revive the dormant 1992 Dallas County UEFJA judgment pursuant to section 31.006. Moreover, Everest contends that under section 16.068 of the Texas Civil Practice and Remedies Code, its first amended original petition related back to its original petition for limitations purposes.

#### a. Everest's July 23, 2004 Original Petition—Barred by Limitations When Filed

■ Under section 16.066(b) of the Texas Civil Practice and Remedies Code, "[a]n action against a person who has resided in this state for 10 years prior to the action may not be brought on a foreign judgment rendered more than 10 years before the commencement of the action in this state." TEX. CIV. PRAC. & REM.CODE ANN. § 16.066(b). We note that Everest concedes in its appellate brief that the claim in its July 23, 2004 original petition to domesticate the 1990 New Mexico judgment "was arguably barred by limitations." Further, Everest asserts it "did not address this issue in its response to Ware's Motions for Summary Judgment and does not now urge the common law action to domesticate the New Mexico judgment as a basis for affirming the trial court's judgment."

However, the thrust of Everest's argument is that because the 1992 Dallas County UEFJA judgment is "nothing more than the New Mexico judgment itself filed under the UEFJA," Everest's request in its original petition, which was filed within two years of the date the 1992 Dallas County UEFJA judgment became dormant and asserted a receivership action under section 31.002(b)(3) of the Texas Civil Practice and Remedies Code, constituted an "action of debt" for purposes of reviving the 1992 Dallas County UEFJA judgment. Ware argues Everest's original petition was solely a common law action to domesticate and enforce the 1990 New Mexico judgment and was barred by limitations pursuant to section 16.066(b).

Under section 31.002, a judgment creditor is entitled to aid from the court, including appointment of a receiver, to obtain satisfaction on a judgment. *See id.* § 31.002(a)-(b). Such a pleading can also revive a dormant judgment. *See id.* § 31.006; *In re Brints,* 227 B.R. 94, 96 (Bankr.N.D.Tex.1998) (new suit based on original judgment brought against judgment debtor is "action of debt"). However, rule 47 of the Texas Rules of Civil Procedure provides that an original peti-

tion which sets forth a claim for relief shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved," as well as a demand for judgment for all "relief to which the party deems himself entitled." TEX.R. CIV. P. 47. As we concluded above, the 1990 New Mexico judgment and the 1992 Dallas County UEFJA judgment are two separate judgments. Everest's original petition referred only to the 1990 New Mexico judgment and made no reference to the 1992 Dallas County UEFJA judgment. Thus, on its face, Everest's original petition did not provide "fair notice" of any claim, or demand any relief, respecting the 1992 Dallas County UEFJA judgment.

We conclude that Everest's July 23, 2004 original petition constituted solely a common law action to domesticate and enforce the 1990 New Mexico judgment. Because that action was filed more than ten years after the 1990 New Mexico judgment was rendered, that action was barred by limitations pursuant to section 16.066(b) of the Texas Civil Practice and Remedies Code on the date it was filed.

b. Everest's December 6, 2004 First Amended Original Petition

i. Time to Revive Dormant Judgment and Tolling

█ As concluded above, the 1992 Dallas County UEFJA judgment became dormant on November 16, 2002. The parties do not dispute that under section 31.006 of the Texas Civil Practice and Remedies Code, the judgment could be revived by an "action of debt" filed by November 16, 2004. In addition, Everest argues the

two-year time period, within which the dormant judgment may be revived as stated in section 31.006, was tolled, pursuant to section 16.063 of the Texas Civil Practice and Remedies Code, "for at least nineteen days" as a result of Ware's absence from the state. See TEX. CIV. PRAC. & REM.CODE ANN. § 16.063 (Vernon 1997) ("The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence."). Thus, Everest contends, its December 6, 2004 first amended petition, which expressly referred to the 1992 Dallas County UEFJA judgment, was filed within the applicable limitations period for reviving the 1992 Dallas County UEFJA judgment.[4] In response, Ware argues section 31.006 is a statute of repose and therefore is not subject to the tolling provision of section 16.063. In addition, Ware asserts section 16.063 does not apply to an action to revive a judgment under section 31.006.

█ We need not reach the issue of whether section 31.006 is a statute of limitations or a statute of repose. Rather, we conclude section 16.063 does not apply here. We, like Ware, are unable to find any cases applying the tolling provision of section 16.063 to the limitations period set forth in section 31.006. "Section 16.063 was written and intended to protect domestic creditors from individuals who enter Texas, contract a debt, depart, and then default on the debt." *Howard v. Fiesta Tex. Show Park, Inc.*, 980 S.W.2d 716, 722 (Tex.App.-San Antonio 1998, pet.

4. Although the record shows that Everest's first amended original petition was stamped with the filing date of December 6, 2004, Everest states that it placed its first amended original petition in the mail on December 3, 2004. Therefore, Everest asserts, under rule 5 of the Texas Rules of Civil Procedure, the first amended original petition is deemed to have been filed on December 3, 2004, which is within nineteen days of November 16, 2004. Ware does not dispute Everest's assertion the filing date of its first amended original petition was December 3, 2004.

denied) (citing *Wyatt v. Lowrance*, 900 S.W.2d 360, 362 (Tex.App.-Houston [14th Dist.] 1995, writ denied)). The statute "should be construed to effect its purpose and applied as written." *Id.See also Ahrenhold v. Sanchez*, 229 S.W.3d 541, 544 (Tex.App.-Dallas 2007, no pet.) (four-year statute of limitations was tolled under section 16.063 where defendant was "precisely the type of defendant to which the statute applies").

The case before us involves an enforcement action against Ware based on domestication of a foreign judgment. The record does not show Ware contracted a debt in Texas and then left the state. *See Fiesta Tex.*, 980 S.W.2d at 722. Therefore, because the facts of this case differ from the fact situation section 16.063 was intended to address, we conclude application of section 16.063 to this case is not warranted. *See id.; Ahrenhold*, 229 S.W.3d at 544. Because an action of debt to revive the 1992 Dallas County UEFJA judgment, which became dormant on November 16, 2002, could be filed no later than November 16, 2004, Everest's December 6, 2004 first amended original petition did not timely raise an action of debt to revive that judgment.

ii. No Relation Back to Everest's July 23, 2004 Original Petition

█ Next, we address Everest's contention that the claims in its December 6, 2004 first amended original petition were not barred by limitations because they related back, under section 16.068 of the Texas Civil Practice and Remedies Code, to its July 23, 2004 original petition.

█ Under section 16.068, a two-part test must be satisfied in order that an amended pleading relates back to an original pleading to avoid limitations applicable to when that amended pleading is filed. *See* TEX. CIV. PRAC. & REM.CODE ANN.

§ 16.068. First, the cause of action asserted in the original pleading must not have been barred by limitations when the original pleading was filed. *See Lathem*, 772 S.W.2d at 255. Second, the amended pleading which changes the facts or grounds of liability or defense must not be wholly based on a new, distinct or different transaction or occurrence. *Id.* The intent of section 16.068 is "to protect *existing* rights, not to create or *revive* a right or cause of action that had terminated prior to the claim being asserted." *Almazan v. United Servs. Auto. Ass'n, Inc.*, 840 S.W.2d 776, 779 (Tex.App.-San Antonio 1992, writ denied) (emphasis original); *see also Church v. Ortho Diagnostic Sys., Inc.*, 694 S.W.2d 552, 556 (Tex.App.-Corpus Christi 1985, writ ref'd n.r.e.) (for statement of new cause of action in amended pleading to come within provisions of predecessor to section 16.068, original claim must have had some validity).

We concluded above that Everest's July 23, 2004 original petition constituted solely a common law action to domesticate and enforce the 1990 New Mexico judgment, and, as decided above, that action was barred by limitations pursuant to section 16.066(b) of the Texas Civil Practice and Remedies Code on the date it was filed. Accordingly, Everest's December 6, 2004 first amended original petition, irrespective of whether that petition was wholly based upon and grew out of new, distinct or different transactions or occurrences, cannot relate back to Everest's limitations-barred July 23, 2004 original petition for limitations purposes. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.068; *see also Lathem*, 772 S.W.2d at 255.

Considering our conclusions described above, we decide Ware's first issue in his favor.

### D. Appropriate Disposition of this Appeal: Reversal and Remand or Reversal and Render on Ware's Motion for Summary Judgment?

■ When the trial court granted Everest's motion for summary judgment, it did not reference Ware's motion for summary judgment. However, the trial court's final judgment declared that the judgment was "revived," all costs were taxed against Ware, "[a]ll relief not expressly granted herein is denied," and the "judgment finally disposes of all parties and all claims and is appealable." Everest asserts that Ware, in his appellate brief, "assigns error only to the trial court's granting of [Everest's] Motion for Summary Judgment." Accordingly, Everest argues that because Ware did not assign error to the denial of his own summary judgment, this Court may not render judgment in favor of Ware, but may only remand the case to the trial court for further proceedings. We agree.

■ When both parties file motions for summary judgment seeking final judgment relief and one such motion is granted, the appellate court should determine all questions presented and may reverse the trial court judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *See Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988) (orig.proceeding) (per curiam); *see also Cotten v. Deasey,* 766 S.W.2d 874, 879 (Tex.App.-Dallas 1989, writ denied) (citing *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958)); *Runyan v. Mullins,* 864 S.W.2d 785, 790 (Tex. App.-Fort Worth 1993, writ denied). However, where there is no assignment of error that the trial court erred in failing to grant an appellant's own motion for summary judgment, this Court may not render judgment, but may only remand the cause

to the trial court. *Cotten,* 766 S.W.2d at 879.

Ware's first point on appeal reads, "Did the trial court err in entering the Final Judgment granting Plaintiff's Second Amended Motion for Summary Judgment?" We conclude we may not construe Ware's point on appeal to be expanded to include the denial of Ware's motion for summary judgment. *Id.* Accordingly, although we reverse the trial court's granting of Everest's motion for summary judgment, we remand for further proceedings consistent with this opinion.

## III. CONCLUSION

We conclude that Everest's claims were not timely filed in order to revive the 1992 Dallas County UEFJA judgment under Texas law. Ware's first issue is decided in his favor. We need not address Ware's second issue. *See* Tex.R.App. P. 47.1. The judgment of the trial court granting Everest's motion for summary judgment is reversed, and we hereby remand this case to the trial court for further proceedings consistent with this opinion.