Opinion issued April 10, 2008 





 



 











In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00654-CV

__________


DODSON INTERNATIONAL, Appellant


V.


ATLANTIC AVIATION CORPORATION, Appellee






On Appeal from the 61st District Court

Harris County, Texas

Trial Court Cause No. 2001-30088






MEMORANDUM OPINION

 Appellant, Dodson International ("Dodson"), challenges the trial court's
summary judgment rendered in favor of appellee, Atlantic Aviation Corporation 
("Atlantic"), on Dodson's cross-claims against Atlantic for contribution, negligent
misrepresentation, unjust enrichment, and fraudulent inducement. In four issues,
Dodson contends that the trial court erred in granting summary judgment on the
grounds asserted by Atlantic because Atlantic failed to establish its affirmative
defense of limitations as a matter of law, Atlantic is estopped from relying on the
statute of limitations as a result of its own fraudulent actions, Atlantic failed to
conclusively establish that the terms of the sale in question negated the element of
reliance, and Atlantic "failed to establish that its representatives did not 'recklessly'
make false representations."

 We affirm. 

Factual and Procedural Background


 In 1991, Arrendadora Internacional, S.A. de C.V. ("Arrendadora") leased an
aircraft to Aerovanguardia, S.A. de C.V. ("Aerovanguardia"). In 1993,
Aerovanguardia took the aircraft to Atlantic for repairs, but, after Atlantic completed
the repairs, Aerovanguardia failed to pay Atlantic. Atlantic then filed suit against
Aerovanguardia, obtained a default judgment, and, on May 12, 1998, seized the
aircraft and sold it at a judicial sale to Dodson. 

 In May 1999, Dodson informed Arrendadora that it had bought the aircraft and
was trying to get its name on the aircraft's title. On July 9, 1999, Arrendadora sent 
a letter to Dodson informing Dodson that Arrendadora was the owner of the aircraft
and that it was aware that Dodson had taken possession of the aircraft after a judicial
sale conducted by Atlantic. In the letter, Arrendadora further explained that it had
"leased the [aircraft] to Aerovanguardia . . . and at no point did Aerovanguardia have
any present or future ownership interest in the [aircraft]." Rather, Arrendadora noted
that "Aerovanguardia was simply a lessee." Finally, Arrendadora further explained
that it "need[ed] to take steps to protect its interests," its "focus" was on Atlantic
because it believed Atlantic had "wrongfully levied upon and sold" the aircraft, and
Arrendadora anticipated that Atlantic would soon involve Dodson in the matter. 
Robert Dodson, the corporate representative for Dodson, admitted in his deposition
that Dodson received this letter.

 Arrendadora filed suit on June 15, 2001, against Atlantic and Dodson, asserting
causes of actions for conversion and violations of the Texas Property Code. (1) Dodson
filed a general denial on August 13, 2001, the date its answer was due. On October
2, 2001, Dodson filed its first amended original answer and cross-claim, asserting that
it was bringing "a cross-claim against Atlantic as a potentially responsible party" and
that, "in the unlikely event of a finding that Dodson is liable," Dodson was entitled
to contribution. Approximately three years and four months later, on January 20,
2005, Dodson added contingent cross-claims for unjust enrichment and fraudulent
inducement against Atlantic and, over one year later, on February 16, 2006, Dodson
added a cross-claim for negligent misrepresentation against Atlantic. 

 On March 24, 2006, Dodson filed its fifth amended answer, cross-claims and
counterclaims, which was Dodson's live pleading at the time the trial court granted
Atlantic summary judgment. Dodson specifically pleaded that "[i]n the unlikely
event of a finding that Dodson is liable to [Arrendadora]," Dodson was bringing
cross-claims against Atlantic for unjust enrichment and fraudulent inducement and,
as damages, was "seeking all monies paid to Atlantic for the purchase of the aircraft
in question." (Emphasis added). Dodson did not include this contingent language
on its negligent misrepresentation cross-claim, but, as with its other claims, requested
as damages only the "monies paid to Atlantic for the purchase of the aircraft." In its
prayer for relief, Dodson again requested "monies paid to Atlantic for the purchase
of the aircraft" and further just relief.

 Pursuant to a settlement with Atlantic, Arrendadora non-suited its claims
against Atlantic on April 1, 2006, and, as represented by the parties in their briefing,
Arrendadora assigned its claims against Dodson to Atlantic. (2) Despite Arrendadora's
non-suiting of its claims, Dodson continued with its cross-claims against Atlantic.

 On July 26, 2006, Atlantic filed a summary judgment motion on Dodson's
cross-claims, asserting that, as pleaded, "Dodson's only cross-claim that is not
derivative of Arrendadora's claims against Dodson is [Dodson's] negligent
misrepresentation claim." (Emphasis added). Atlantic again contended that Dodson
had pleaded its cross-claims for unjust enrichment and fraudulent inducement as
contingent upon a finding of liability against Dodson in favor of Arrendadora. 
Atlantic noted that it had settled the dispute over the aircraft with Arrendadora,
Arrendadora had non-suited its claims against Atlantic based on the settlement, and
Arrendadora was also willing to non-suit its claims against Dodson based on this
settlement. Atlantic asserted that it had received an assignment of Arrendadora's
claims against Dodson only because Dodson refused to non-suit its cross-claims and
Atlantic was willing to non-suit these assigned claims if the trial court granted it
summary judgment. (3)

 In support of its defense that Dodson's cross-claims were time barred, Atlantic
asserted that, by Dodson's own admissions, Dodson's cross-claims accrued in May
1999, when Dodson learned that there was a problem with its title to the aircraft, or
at the latest, when Dodson received Arrendadora's July 9, 1999 letter again notifying
it that there was a problem with its title. Atlantic quoted Dodson's admissions in its
pleadings that "the undisputed summary judgment evidence establishe[d] that
[Arrendadora] ha[d] notice . . . that Dodson was claiming an ownership interest in the
aircraft inconsistent with [Arrendadora's] true ownership of the aircraft--by May
1999" and that, by May of 1999, "Dodson had informed [Arrendadora] that it was
claiming it had bought the aircraft at a judicial sale and was trying to get Dodson's
name on the title as the owner of the aircraft." (4) 

 After Atlantic filed its summary judgment motion, and, after the trial court's
deadline to amend pleadings had passed, on February 28, 2007, Dodson filed its sixth
amended answer, cross-claims, and counterclaims, in which Dodson sought to change
the nature of its pleadings by deleting the contingent language, "In the unlikely event
of a finding that Dodson is liable to Plaintiff [Arrendadora]," from its cross-claims
for unjust enrichment and fraudulent inducement. Dodson also sought to add a claim
against Atlantic for violations of the Texas Deceptive Trade Practices Act (5) and to
expand its damages claim from only those "monies paid to Atlantic for the purchase
of the aircraft in question" to now include out-of-pocket expenses, unspecified "other
damages," and attorney's fees.

 On April 25, 2007, Atlantic filed an objection and motion to strike Dodson's
sixth amended original answer, cross-claims, and counter claims. Atlantic noted that
the case had been on file since June 15, 2001, the case was set for trial on May 28,
2007, the trial court's docket control order established February 17, 2006 as the
pleadings amendment deadline, Dodson did not file its sixth amended pleading until
over one year after the pleadings deadline, and Dodson had "wholly changed the
nature of its previously asserted cross-claims against Atlantic." Atlantic further noted
that "[o]ver the years, Dodson [had] asserted cross-claims against Atlantic for
contribution, unjust enrichment, and fraudulent inducement" with the express
qualification that these claims were brought only "in the unlikely event of a finding
that Dodson [was] liable to [Arrendadora]." Atlantic contended that it had proceeded
in the case in reliance upon the fact that Dodson brought its cross-claims only
contingent upon a finding of liability against Dodson in favor of Arrendadora. (6) Atlantic further stated that "[i]ndeed, once the pleadings deadline had passed
and Atlantic had settled [Arrendadora's] claims against it, Atlantic filed no evidence
and traditional motions for summary judgment, seeking dismissal of each of those
cross-claims, as asserted in Dodson's live pleading." (Emphasis added). Atlantic
complained that Dodson was now, after the pleadings deadline, amending the
previously asserted contingent claims as "independent cross claims," and Dodson's
attempt to amend these cross-claims operated to surprise and prejudice Atlantic. 
Atlantic further complained that, "[u]ntil now, Dodson would not have been entitled
to any recovery under the [c]ontingent [c]laims absent a finding of liability against
Dodson and in favor of [Arrendadora]," that "in the absence of a submission of
[Arrendadora's] claims against Dodson, Dodson's contingent claims against Atlantic
would have automatically failed," and that Dodson's "late amended pleading [would]
force Atlantic to trial as a direct defendant to Dodson and require Atlantic to defend
those reshaped claims on different substantive grounds than those reasonably
anticipated by Atlantic for more than a year now." Atlantic requested that if the trial
court did allow Dodson to amend its pleadings at this late stage, then it be granted a
continuance to prepare for trial on cross-claims as now amended by Dodson's late
pleading. 

 On June 15, 2007, the trial court sustained Atlantic's objection to Dodson's
sixth amended original answer, cross-claims, and counter claims and granted
Atlantic's motion to strike "in its entirety." (7) Subsequently, on July 9, 2007, the trial
court, without specifying the basis of its order, granted Atlantic summary judgment
on Dodson's cross-claims and ordered that Dodson take nothing against Atlantic.

Standard of Review

 To prevail on a summary judgment motion, a movant has the burden of proving
that it is entitled to judgment as a matter of law and that there is no genuine issue of
material fact. Tex. R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995). When a defendant moves for summary judgment, it must either (1) disprove
at least one element of the plaintiff's cause of action or (2) plead and conclusively
establish each essential element of its affirmative defense, thereby defeating the
plaintiff's cause of action. Cathey, 900 S.W.2d at 341. When deciding whether there
is a disputed, material fact issue precluding summary judgment, evidence favorable
to the non-movant will be taken as true. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548-49 (Tex. 1985). Every reasonable inference must be indulged in favor of
the non-movant and any doubts must be resolved in its favor. Id. at 549. 

 When, as in this case, a summary judgment does not specify the grounds on
which the trial court granted it, the reviewing court will affirm the judgment if any
theory included in the motion is meritorious. Harwell v. State Farm Mut. Auto. Ins.
Co., 896 S.W.2d 170, 173 (Tex. 1995); Summers v. Fort Crockett Hotel, Ltd., 902
S.W.2d 20, 25 (Tex. App.--Houston [1st Dist.] 1995, writ denied). Moreover, if
summary judgment may have been rendered, properly or improperly, on a ground not
challenged on appeal, the judgment must be affirmed. Ellis v. Precision Engine
Rebuilders, Inc., 68 S.W.3d 894, 898 (Tex. App.--Houston [1st Dist.] 2002, no pet.). 

Limitations

 In its first issue, Dodson argues that the trial court erred in granting summary
judgment in favor of Atlantic on Atlantic's affirmative defense of limitations because
Atlantic failed to provide "concrete proof" that Dodson's claims accrued in May 1999
or on July 9, 1999. Dodson does not suggest that its claims accrued on any certain 
date, provide any specific argument as to when its claims accrued, or address the
effect of its own admissions establishing that its dispute with the other parties over
the aircraft's ownership arose in May 1999. Rather, Dodson only asserts that,
assuming its claims were otherwise time barred, "the relation back doctrine contained
in section 16.068 of the Texas Civil Practice and Remedies Code" applies to save its
claims. See Tex. Civ. Prac. & Rem. Code Ann. § 16.068 (Vernon 1997).

 Dodson's negligent misrepresentation and unjust enrichment claims are
governed by a two-year statute of limitations. See id. § 16.003(a) (Vernon Supp.
2007); Elledge v. Friberg-Cooper Water Supply Corp., 240 S.W.3d 869, 869-70
(Tex. 2007) (unjust enrichment); HECI Exploration Co. v. Neel, 982 S.W.2d 881,
885 (Tex. 1998) (unjust enrichment and negligent misrepresentation). Dodson's
fraudulent inducement claim is governed by a four-year statute of limitations. See
Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(4) (Vernon 2002). 

 A limitations period begins to run when a cause of action accrues, and the date
of accrual is a question of law. J.M.K. 6, Inc. v. Gregg & Gregg, P.C., 192 S.W.3d
189, 196 (Tex. App.--Houston [14th Dist.] 2006, no pet.) (citing Moreno v. Sterling
Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990)); Waxler v. Household Credit Services,
Inc., 106 S.W.3d 277, 279 (Tex. App.--Dallas 2003, no pet.). When applicable, the
discovery rule defers accrual of a cause of action until a plaintiff discovers or,
through the exercise of reasonable care and diligence, should discover the nature of
his injury. Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 735 (Tex. 2001);
Childs v. Haussecker, 974 S.W.2d 31, 40 (Tex. 1998). Discovering the nature of the
injury "requires knowledge of the wrongful act and the resulting injury." Wagner &
Brown, Ltd., 58 S.W.3d at 735. "Thus, when the discovery rule applies, accrual is
tolled until a claimant discovers or in the exercise of reasonable diligence should have
discovered the injury and that it was likely caused by the wrongful acts of another."
Id.

 Here, Atlantic presented summary judgment evidence conclusively establishing
that Dodson became aware of the dispute among the parties and the competing claims
to the aircraft in May 1999. Therefore, we conclude that Dodson's claims accrued in
May 1999. Thus, the two-year limitations period in which Dodson could have
brought its negligent misrepresentation and unjust enrichment claims expired in May
2001 and the four-year limitations period in which Dodson could have brought its
fraudulent inducement claims expired in May 2003. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 16.003(a), 16.004(a)(4). 

 Arrendadora filed suit on June 15, 2001, after the expiration of the limitations
period on Dodson's claims for negligent misrepresentation and unjust enrichment. 
In these circumstances, we apply section 16.069 of the Civil Practice and Remedies
Code to determine if Dodson timely asserted its negligent misrepresentation and
unjust enrichment claims. (8) See id. § 16.069 (Vernon 1997). Section 16.069 provides, 

(a) If a counterclaim or cross claim arises out of the same transaction
or occurrence that is the basis of an action, a party to the action
may file the counterclaim or cross claim even though as a separate
action it would be barred by limitation on the date the party's
answer is required.


(b) The counterclaim or cross claim must be filed not later than the
30th day after the date on which the party's answer is required.


Id. 

 The parties agree that Dodson's original answer was due, and was timely filed,
on August 13, 2001. In its original answer, Dodson made a general denial, but did
not make any affirmative claims for relief. Dodson filed his claims for unjust
enrichment and negligent misrepresentation later than the 30th day after the date on
which its answer was required. Because Dodson did not file its cross-claims for
unjust enrichment and negligent misrepresentation within 30 days from the date its
answer was required, these claims were barred under section 16.069. Id. 
Accordingly, we hold that the trial court did not err in granting Atlantic summary
judgment based on limitations as to Dodson's claims for negligent misrepresentation
and unjust enrichment.

 In regard to Dodson's fraudulent inducement claim, Dodson first asserted the
claim on January 20, 2005. As the applicable limitations period expired in May 2003,
Dodson's fraudulent inducement claim, absent any other exception, would have been
barred by the statute of limitations. See id. § 16.004(a)(4). However, Dodson argues
that its fraudulent inducement claims survived (9) because it related back to its
"contribution/and or indemnity claims" (10) filed on October 2, 2001. Section 16.068
of the Texas Civil Practice and Remedies Code provides,

If a filed pleading relates to a cause of action, cross action, counterclaim,
or defense that is not subject to a plea of limitation when the pleading
is filed, a subsequent amendment or supplement to the pleading that
changes the facts or grounds of liability or defense is not subject to a
plea of limitation unless the amendment or supplement is wholly based
on a new, distinct, or different transaction or occurrence.


Id. § 16.068. 

 Even assuming that Dodson's fraudulent inducement claim related back to
Dodson's first amended original answer and cross-claim and, thus, would not have
been time barred, Dodson failed to challenge the trial court's summary judgment on
Dodson's fraudulent inducement claim on other grounds raised by Atlantic's
summary judgment motion and further articulated in Atlantic's motion to strike. (11) After Arrendadora non-suited its claims against Atlantic, Atlantic moved for
summary judgment on Dodson's cross-claims, specifically asserting that Dodson's
fraudulent inducement claim, as well as Dodson's unjust enrichment claim, were
pleaded as being derivative of or contingent upon a finding of liability against
Dodson and in favor of Arrendadora. Atlantic also asserted in its summary judgment
motion that it had settled the dispute over the aircraft with Arrendadora, Arrendadora
had non-suited its claims against Atlantic and was willing to non-suit its claims
against Dodson based upon this settlement, and Atlantic received Arrendadora's
claims against Dodson by assignment only because Dodson refused to non-suit its
cross-claims and end the litigation. Atlantic represented to the trial court that it
would non-suit its assigned claims. Subsequent to Atlantic's filing of the summary
judgment motion, and after the pleadings deadline, in an apparent effort to cure its
derivative pleadings and to respond to Atlantic's summary judgment motion, Dodson
filed an amended pleading seeking to delete the language establishing that its
fraudulent inducement claim was contingent upon a finding of liability against it in
favor of Arrendadora. Atlantic then filed a motion to strike Dodson's late-filed
pleading, objecting to Dodson's attempt to "wholly change" the nature of some of its
cross-claims and noting that it had proceeded in the litigation, entered into a
settlement, and filed a summary judgment motion all in reliance upon the fact that
Dodson had pleaded certain of its cross-claims as existing only upon a finding of
liability being entered against Dodson and in favor of Arrendadora. Consistent with
its summary judgment motion, Atlantic explained that it was not going to pursue the
assigned claims because Dodson's cross-claims, as pleaded throughout the litigation,
would automatically fail without a submission as to Dodson's liability to
Arrendadora. 

 One of the grounds upon which Atlantic sought summary judgment was that
certain of Dodson's cross-claims, including its fraudulent inducement claim,
automatically failed based on the fact that, after the settlement with Arrendadora,
there could be no finding of liability against Dodson and in favor of Arrendadora. 
The trial court, without specifying its reasons in its order, sustained Atlantic's
objection to Dodson's amended pleading and granted Atlantic's motion to strike "in
its entirety," thereby precluding Dodson from amending its contingent cross-claims
and deleting the contingent language upon which Dodson has been specifically
pursuing those cross-claims. The trial court then, again without specifying its
reasons, granted Atlantic summary judgment on Dodson's cross-claims. On appeal,
Dodson neither addresses the trial court's order striking its amended pleading, nor
does it challenge Atlantic's arguments that it would have been prejudiced by allowing
these amended pleadings. Moreover, on appeal, Dodson does not challenge
Atlantic's arguments in its summary judgment motion that Dodson's cross-claim for
fraudulent inducement would have automatically failed based on the manner in which
the claim was pleaded and based upon the fact that, after Atlantic's settlement with
Arrendadora, there could be no finding of liability against Dodson in favor of
Arrendadora. Because the trial court did not specify the ground upon which it
granted summary judgment and because summary judgment on Dodson's fraudulent
inducement claim could have been rendered on this ground, which is not challenged
by Dodson on appeal, the summary judgment as to the fraudulent inducement claim
must be affirmed. See Ellis, 68 S.W.3d at 898.

 We overrule Dodson's first issue.

Fraudulent Concealment

 In its second issue, Dodson argues that the trial court erred in granting
summary judgment in favor of Atlantic because Atlantic is estopped from relying on
the statute of limitations as a result of its own fraudulent actions. Dodson asserts that
Atlantic fraudulently concealed the true nature of the judicial sale, the status of the
aircraft's rightful owner, and its failure to comply with the mechanic's lien statute
regarding notification. 

 The doctrine of fraudulent concealment defers the accrual of a cause of action
until the plaintiff discovers or should have discovered the deceitful conduct or facts
giving rise to the cause of action. Earle v. Ratliff, 998 S.W.2d 882, 888 (Tex. 1999). 
The estoppel effect of fraudulent concealment ends when a party learns of facts,
conditions, or circumstances which would cause a reasonably prudent person to make
inquiry, which, if pursued, would lead to discovery of the concealed cause of action.
Borderlon v. Peck, 661 S.W.2d 907, 909 (Tex. 1983). 

 Here, the summary judgment evidence conclusively established that Dodson
had knowledge of the facts giving rise to its claims by May 1999. Other than
Dodson's complaint that Atlantic committed wrongful conduct in the course of the
judicial sale, Dodson did not adduce any evidence that, after this date, Atlantic
committed any additional conduct during and beyond the limitations to fraudulently
conceal facts that prevented Dodson from asserting its claims after the sale. 
Accordingly, we hold that Atlantic was not estopped from relying on the statute of
limitations as an affirmative defense and that the trial court did not err in granting
Atlantic summary judgment on the basis of limitations as to Dodson's negligent
misrepresentation and unjust enrichment cross-claims.

 We overrule Dodson's second issue.

Conclusion


 Having held that the trial court did not err in granting Atlantic summary
judgment on its affirmative defense of limitations against Dodson's negligent
misrepresentation and unjust enrichment claims, and, having held that we must affirm
the summary judgment granted in favor of Atlantic on Dodson's fraudulent
inducement claim, we need not address Dodson's third and fourth issues. 

 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. See Tex. Prop. Code Ann. § 70.301 (Vernon 2007). 
2. Because these assigned claims were subsequently non-suited, we do not consider the
validity of the assignment of Arrendadora's claims to Atlantic.
3. In its briefing, Atlantic represents that it non-suited its assigned claims against
Dodson, rendering the summary judgment order final. See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 205 (Tex. 2001) (stating that when there has not been
conventional trial on merits, an order or judgment is not final for appellate purposes
unless it disposes of every pending claim and party or clearly and unequivocally states
that it finally disposes of all claims and parties). Neither party contends that there are
any remaining claims before the trial court. 
4. These statements, included in Dodson's reply to Dodson's second amended summary
judgment motion, were made in support of Dodson's argument that Arrendadora's
claims against Dodson were time barred.
5. See Tex. Bus. & Com. Code Ann. § 17.41-.63 (Vernon 2002 & Supp. 2007).
6. Atlantic also complained that Dodson had added a new cause of action for violations
of the Texas Deceptive Trade Practice Act against Atlantic in its pleading.
7. In its appeal, Dodson does not raise any complaints about, nor does it address, the
arguments made in Atlantic's motion to strike or the effect of the trial court's order
granting the motion to strike. Thus, Dodson has waived any argument that the trial
court erred in granting the motion to strike. See Tex. R. App. P. 38.1.
8. Dodson does not discuss section 16.069 in its briefing on appeal.
9. Dodson actually argues that all of its claims survived because they all related back to
its "contribution/and or indemnity claims" under section 16.068. However, having
held that section 16.069 barred Dodson's claims for unjust enrichment and negligent
misrepresentation, we address only Dodson's fraudulent inducement claim in this
section of the opinion. 
10. Despite Dodson's characterization of its claims, Dodson never filed an indemnity
claim in the trial court. Dodson's pleadings solely refer to a claim for contribution.
11. Atlantic argues that Dodson's fraudulent inducement claim could not have related
back to its contribution claim because a contribution claim does not even accrue, for
limitations purposes, until a plaintiff recovers damages or settles its suit against a
defendant, a contribution claim is derivative of the plaintiff's right to recover damages
from the defendant against whom contribution is sought, and "[n]o defendant has a
right of contribution against any settling person." See J.M.K. 6, Inc. v. Gregg &
Gregg, P.C.,192 S.W.3d 189, 200, 202 (Tex. App.--Houston [14th Dist.] 2006, no
pet.); see also Tex. Civ. Prac. & Rem. Code Ann. § 33.015(a), (d) (Vernon 1997). 
Atlantic also argues that Dodson's fraudulent inducement claim could not have related
back to Dodson's contribution claim because the fraudulent inducement claim
constitutes a new, distinct, or different transaction or occurrence from the transaction
or occurrence underlying the contribution claim. See Ware v. Everest Group, L.L.C.,
238 S.W.3d 855, 866 (Tex. App.--Dallas 2007, pet. filed) (setting forth two-part test
that must be satisfied in order for amended pleading to relate back to an original
pleading under section 16.068). Because Dodson's fraudulent inducement claim fails
for other reasons, we do not address these arguments.