**Beverly A. DELHOMME, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 05–02–01646–CV.

Court of Appeals of Texas, Dallas.

Aug. 19, 2003.

Timothy W. Sorenson, Rebecca E. Bell, Fee, Smith, Sharp & Vitullo, L.L.P., Dallas, for Appellant.

Lisa Holt, State Bar of Texas Litigation, Dallas, Linda A. Acevedo, Office of the Chief Disciplinary Counsel, State Bar of Texas, Austin, for Appellee.

Before Justices BRIDGES, O'NEILL, and FITZGERALD.

## OPINION

Opinion by Justice BRIDGES.

In this case involving a disciplinary proceeding against a lawyer, Beverly Delhomme appeals the trial court's judgment that she committed professional misconduct, asserting that the claim is time-barred under the pertinent statute of limitations. We conclude that the initial citizen's grievance was timely filed, but because that complaint was dismissed, the state bar's subsequently filed complaint and petition were subject to a limitations defense. Consequently, the state bar's complaint is time-barred.[1] We reverse and render judgment that this matter be dismissed.

### Facts

This case concerns a lawyer's mishandling of funds in a trust account. After sustaining injuries in an automobile accident, James Carter hired Beverly Delhomme to represent him. Carter received worker's compensation benefits paid by Service Lloyds Insurance Company ("Lloyds") who, in turn, had a subrogation interest in any monies paid to Carter by the parties responsible for the accident. The case against the responsible parties settled for $20,000, and a check issued to Mr. Carter and Delhomme.

The settlement check was deposited in Delhomme's trust account on March 31,

---

1. Resolving the first issue as we do, we need not reach Delhomme's other issues.

1995, and Delhomme withdrew her contingency fee of $7,000 from the account on April 4, 1995. The $13,000 balance was due to Lloyds. Delhomme did not notify Lloyds of the funds nor did she deliver them to Lloyds. Lloyds asserts it first learned in May 1995 that Delhomme had received the funds. Lloyds sued Delhomme for conversion and fraudulent concealment in May 1997. The suit settled, and Delhomme paid Lloyds $7,193.08 of the $13,000 that was owed to the company.

Subsequently, Lloyds filed a grievance with the Texas State Bar Association ("State Bar") asserting Delhomme had mishandled the trust account monies. Documents in the record indicate that Lloyds sent the grievance by facsimile on March 31, 1999, exactly four years after the settlement check was deposited in Delhomme's account. The record also contains a copy of Lloyds' completed grievance form stamped "Received April 5, 1999 Claims."

The local grievance committee of the State Bar (the "Committee") convened an investigatory panel, which held a hearing on Lloyds' complaint on August 5, 1999. Delhomme testified that she did not handle trust funds during the relevant time period and that her then-partner Allan Fishburn handled the account. By letter dated August 10, 1999, the Committee informed Delhomme that the complaint was "dismissed."[2] In February 2000, Fishburn disputed Delhomme's rendition of the handling of the trust account. On April 17, 2000, the State Bar filed a complaint in its own name, alleging the initial matter concerning the mishandling of funds, also adding allegations concerning the disputed testimony over who had handled the trust funds.[3]

Subsequently, the State Bar filed a disciplinary petition, based on its April 17 complaint, in district court. After a bench trial, the court held that both the Lloyds' complaint and the State Bar's complaint were timely filed and that Delhomme had committed professional misconduct with respect to the mishandling of the funds. The court ordered her to pay court costs, restitution to Lloyds, and attorneys' fees to the State Bar. Delhomme brought this appeal.

### Disciplinary Process

The current rules governing the discipline of lawyers consist of the Texas Disciplinary Rules of Professional Conduct (TDRPC), which define proper conduct for the purpose of professional discipline. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.01–9.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). The procedural rules governing the disciplinary process are found in the Texas Rules of Disciplinary Procedure (TRDP). TEX.R. DISCIPLINARY P. 1.01 15.13, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. A–1 (Vernon 1998).

The procedural rules set out a step-by-step process for the handling of complaints. Generally, once a grievance is filed with the State Bar, it is forwarded to the Office of the Chief Disciplinary Counsel, who examines it to determine whether

**2.** The letter from the Office of the Chief Disciplinary Counsel of the State Bar stated in pertinent part:
 The investigatory panel of the Grievance Committee, having held a hearing in the above captioned complaint, has reached a decision as to the appropriate disposition of this matter. The panel has found that you have not committed professional misconduct as defined in the Code and this matter has been dismissed.

**3.** The State Bar subsequently withdrew this cause of action.

it constitutes an Inquiry or a Complaint. TEX.R. DISCIPLINARY P. 2.09. If it alleges professional misconduct as defined in the TRDP, it is a Complaint. TEX.R. DISCIPLINARY P. 1.06(F). Complaints are forwarded to the local grievance committee, which convenes an investigatory panel to determine whether there is "just cause" to believe professional misconduct has occurred. TEX.R. DISCIPLINARY P. 2.11 If no member of the investigatory panel finds just cause, the panel "shall forthwith dismiss" the Complaint and so advise the respondent (the complained-of attorney) and the complainant. TEX.R. DISCIPLINARY P. 2.12. If the investigatory panel does find just cause, and the respondent does not consent to an agreed result, an evidentiary panel is convened to hear the matter, make findings and conclusions of law, and either dismiss the Complaint or impose sanctions. TEX.R. DISCIPLINARY P. 2.13, 2.16. In the alternative, the respondent may elect to have the matter heard in district court. TEX.R. DISCIPLINARY P. 2.14.

Lloyds' complaint was investigated by an investigatory panel, which dismissed it. After hearing from Fishburn, the State Bar filed a complaint in its own name ("State Bar Complaint") and later filed a disciplinary petition in the district court. Relying on the four-year limitations provision governing disciplinary proceedings, Delhomme argues that both the initial grievance filed by Lloyds and the subsequent State Bar Complaint—which formed the basis for its petition in the district court—were time-barred.

### Standard of Review

■ The parties do not dispute the basic facts upon which we resolve this matter,[4] leaving a dispute about how the statute of limitations applies in this case. The question of how a statute of limitations applies is a matter of law, which we review de novo. *Goose Creek Consol. Indep. Sch. Dist. v. Jarrar's Plumbing, Inc.*, 74 S.W.3d 486, 492 (Tex.App.-Texarkana 2002, pet. denied); *see Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988) (when cause of action "accrues" is question of law, reviewed de novo).

### Disciplinary Rules

The trial court concluded that Delhomme violated the following substantive rule of professional conduct concerning the handling of funds:

> Upon receiving funds or other property in which a client or third person has an interest, a lawyer *shall promptly notify the client or third person.* Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive....

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.14(b) (emphasis added).

The provision setting time limitations for registering a grievance states,

> No attorney licensed to practice law in Texas may be disciplined for Professional Misconduct occurring more than four years before the time when the allegation of Professional Misconduct is brought to the attention of the Office of Chief Disciplinary Counsel, except in

---

4. Delhomme contends that certain findings of fact are erroneous but does not specify what facts in particular she disputes. She does not specifically dispute the fact findings that the State Bar received Lloyds' complaint at least by April 5, 1999, that the settlement check was deposited on March 31, 1995, and that Delhomme withdrew her $7,000 fee from the account on April 4, 1995. Our analysis of the timeliness of the Lloyds' grievance rests on those fact findings.

cases in which disbarment or suspension is compulsory.

TEX.R. DISCIPLINARY P. 15.08. The provision goes on to incorporate a "discovery rule":

> Limitations will not begin to run where fraud or concealment is involved until such Professional Misconduct is discovered or should have been discovered in the exercise of reasonable diligence by the Complainant.

*Id.*

The discovery rule provides, when applicable, that limitations run from the date the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury. *Willis*, 760 S.W.2d at 644 (discovery rule adopted when injured party has difficulty learning of negligent act or omission). When the attorney has a duty to disclose material facts (e.g., a fiduciary relationship), a "breach of the duty to disclose is tantamount to concealment." *Id.* at 645.

### Lloyds' Grievance

The trial court determined that Delhomme's misconduct, under TDRPC 1.14(b), was the failure to notify Lloyds that she had received the check and that the misconduct occurred on the day Delhomme withdrew her fee, on April 4, 1995.[5] The trial court applied the discovery-rule provision under TRDP 15.08, finding that it took "some months" for Lloyds to discover Delhomme's failure to notify it of her receipt of the funds. The trial court concluded that Lloyds' filing—within four years and two days after the misconduct's occurrence—was within the "reasonable diligence" requirement of TRDP 15.08. We agree.

To trigger the discovery provision, Delhomme must have engaged in "fraud or concealment" under TRDP 15.08. The conduct rule at issue plainly imposes a duty to notify promptly an interested third party of the receipt of funds. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.14(b). In the context of the discovery rule and limitations, a breach of a duty to disclose is tantamount to concealment. *Willis*, 760 S.W.2d at 645. Accordingly, Delhomme's failure to disclose her receipt of the funds constituted "concealment" so as to trigger the discovery provision of TRDP 15.08.

Delhomme argues that, to trigger the discovery provision, the State Bar must show "fraudulent concealment." We disagree. The language of TRDP 15.08 is in the disjunctive, requiring fraud "or" concealment. We decline to engraft the higher evidentiary burden required to prove "fraudulent concealment" when the rule plainly does not require it. Accordingly, we conclude that Lloyds' grievance was timely filed.

### State Bar's Complaint

■ The trial court determined that, although the State Bar initially "dropped" Lloyds' complaint and notified Delhomme of such, the complaint was "revived" in April 2000. The State Bar argues the decision of the investigatory panel is not accorded finality. *State v. Sewell*, 487

---

**5.** The pertinent portion of the trial court's findings and conclusions states,

> The complained of act occurred on or about April 4, 1995, when Respondent withdrew $7,000.00 of the $20,000.00 settlement check for her contingency fee and failed to notify Lloyd's of her firm's receipt of the settlement. Lloyd's discovered this some- time thereafter and began making inquiries—as evidenced by Mr. Fishburn's letter to Lloyd's [on] August 21, 1995. Although it is not clear when Lloyd's discovered the claim, complaint was made to the State Bar on April 5, 1999. As it clearly took some months for Lloyd's to discover the failure to notify, complaint was timely made.

S.W.2d 716, 718 (Tex.1972); *Gonzalez v. State Bar of Tex.*, 904 S.W.2d 823, 830 (Tex.App.-San Antonio 1995, writ denied). Therefore, the argument goes, because the Committee's dismissal of Lloyds' initial complaint was not a final decision on the merits, that dismissal was not "res judicata" and thus did not preclude the filing of the second complaint.

The State Bar's reliance on *Sewell* and *Gonzalez* does not advance its argument. Those cases do not answer the issue whether the limitations provision applied anew to the filing of the second complaint so as to time-bar it. *Sewell* and *Gonzalez* address a res judicata issue and whether there has been a final determination on the merits so as to bar relitigation of a claim.[6] Statutes of limitation have a different purpose, which is "to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex.1977) (that a meritorious claim might be rendered nonassertible is unfortunate, occasional by-product of limitations); *Childs v. Haussecker*, 974 S.W.2d 31, 38–39 (Tex.1998). Accordingly, the State Bar's reliance on cases concerning res judicata and issue preclusion is misplaced.

The State Bar also argues that the complaint made in its name, filed April 17, 2000, was timely because it was based on Lloyds' original grievance, which was timely filed under TRDP 15.08. It argues that, even though Lloyds' complaint was dismissed, the State Bar's Complaint "revived" those allegations. In essence, the State Bar argues that the later complaint "related-back" to the earlier complaint and thus was not subject to a limitations defense.

## Dismissal and Amendments

■ "When a cause of action is dismissed and later refiled, limitations are calculated to run from the time the cause of action accrued until the date that the claim is refiled." *Clary Corp. v. Smith*, 949 S.W.2d 452, 459 (Tex.App.-Fort Worth 1997, writ denied) (citing, among others, *Cunningham v. Fox*, 879 S.W.2d 210, 212 (Tex.App.-Houston [14th Dist.] 1994, writ denied)). Because a dismissal is equivalent to a suit never having been filed, the statute of limitations is not tolled for any newly filed pleading. *Id.* In contrast, under the relation-back doctrine, if an amended pleading adds causes of action based on the same transaction or occurrence forming the basis of the claims made in the original pleading, then the amended pleading "relates back" to the original filing and is not subject to a limitations defense. *Id.* at 459; *see* Tex. Civ. Prac. & Rem.Code Ann. § 16.068 (Vernon 1997). The relation-back doctrine does not save from the operation of a statute of limitations claims that have been dismissed and are later refiled. *Clary,* 949 S.W.2d at 460.

We conclude that the limitations provision does apply to the State Bar's Complaint in these circumstances. The Committee dismissed the initial complaint under TRDP 2.12. We find the context in which the dismissal language appears to be significant:

> If no member of the investigatory panel votes in favor of a finding of Just Cause, the panel shall forthwith dismiss the

---

6. "Res judicata is the doctrine that a right, question, or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense, cannot be disputed in a subsequent suit between the same parties or their privies." *Gonzalez,* 904 S.W.2d at 830.

Complaint and so advise the Complainant, the Respondent, and the Chief Disciplinary Counsel.... Such a dismissal is without prejudice to the Complainant, who may, *within thirty days* from receipt of notice of dismissal, refile his or her Complaint with additional evidence not previously presented. Files of dismissed Disciplinary Proceedings will be *retained for one hundred eighty days, after which time the files may be destroyed* unless the Complainant refiles the Complaint within the permitted time. *No permanent record will be kept* of Complaints dismissed except to the extent necessary for statistical reporting purposes.

TEX.R. DISCIPLINARY P. 2.12 (emphasis added).

Thus, the rule provides the complainant an opportunity to amend the complaint after dismissal, but only if it does so within thirty days. The rule also permits the State Bar to destroy the record as early as six months after dismissal and further prohibits the State Bar from maintaining a permanent record of dismissals. Although these time limits are not mandatory,[7] the drafters nonetheless contemplated particular, relatively short, time frames within which to effect closure after "dismissal."

The effect of the State Bar's construction, however, would produce no closure after dismissal under TRDP 2.12. The State Bar argument that the second complaint is exempt from limitations because it related back to Lloyds' initial complaint would impose no deadline on the State Bar to file a petition. Thus, if we adopt the State Bar's argument, it could theoretically revive—at any time—any complaint it dismissed, so long as it relates back to a timely filed grievance. That construction is contrary to the generally understood rule that once a claim is dismissed, refiling is subject to a limitations defense.

Because the State Bar's Complaint was filed after dismissal of Lloyds' earlier complaint, the time limitation in TRDP 15.08 applies to the State Bar Complaint. As the trial court found, the misconduct occurred on April 4, 1995, which Lloyds discovered some months later. Thus, the filing of a complaint would have been barred at some point during the summer of 1999, but the State Bar's Complaint was filed in April 2000. Because the State Bar's Complaint was filed outside the limitations period and the petition was derivative of that Complaint, the matter is time-barred.

We reverse the trial court's judgment and render judgment that this cause be dismissed.

---

7. The time periods in TRDP 2.12, among other rules, are not mandatory but "directory only and the failure to comply with them does not result in the invalidation of an act or event by reason of noncompliance with those time limits." TEX.R. DISCIPLINARY P. 15.07.