# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10066
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 25, 2019

Lyle W. Cayce
Clerk

GEOFFREY SANSOM, as Administrator of the Estate of Roland B. Holt, Deceased,

  Plaintiff - Appellant

v.

EVVAJEAN MALTER MINTZ; DAVID J. FELDMAN; REENA I. THADHANI, as personal representatives for the Estate of Richard G. Mintz; MINTZ, LEVIN, COHN, FERRIS, GLOVSKY ; POPEO, P.C.,

  Defendants - Appellees

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-637

---

Before SMITH, WILLETT, and DUNCAN, Circuit Judges.

PER CURIAM:*

  Geoffrey Sansom, an estate administrator, appeals a district court order dismissing his state law claims as time-barred. We affirm.

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10066

I.

On March 18, 2018, Sansom sued the law firm Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C. ("Mintz Levin") and the estate of its now-deceased partner, Richard Mintz ("Mintz"). Sansom alleged breach of fiduciary duty, legal malpractice, fraud, failure to account, and tortious interference of administration in connection with the firm's administration of the estate of Roland Holt ("Holt"), who died seventeen years earlier. Defendants moved to dismiss Sansom's claims as barred under the relevant statutes of limitations, and the district court granted that motion.

Holt passed away on May 11, 2001, having named Mintz the alternate executor of his estate. Mintz and his law firm, Mintz Levin, subsequently began probating Holt's estate. They provided billing estimates and tax documents to Holt's heirs along the way. Although Mintz originally suggested that the estate could be wrapped up as early as 2004, things progressed slowly and billing estimates increased. Despite the heirs' concerns and repeated requests for information, they received little communication about the estate until 2008, when Mintz assured the heirs that the estate would likely close the following year. That next year, however, Mintz and the Holt heirs clashed over the disposal of the last remaining piece of estate property: an industrial building in New Hampshire. Mintz and the law firm proceeded with the sale on their own terms, and declared the estate closed at the end of the year in 2010.

According to the complaint, the Holt heirs received unsupported and erroneous final billing statements from Mintz Levin that substantially exceeded prior assurances, all but exhausting the estate's assets. Meanwhile, Mintz himself passed away in April 2012, prompting the Holt heirs to appoint Sansom, another attorney, as successor independent administrator the following month. Sometime in January 2014, Sansom learned about the

No. 19-10066

excessive and unauthorizing billing from one of the Holt heirs. In order to investigate these concerns, Holt sent a letter to Mintz Levin on January 30, 2014 requesting all materials pertaining to the Holt estate. When Mintz Levin failed to deliver the file, Sansom retained third party counsel who dispatched a follow up demand to Mintz Levin in October 2014, noting that Sansom had received pressure from the heirs regarding the overbilling and the accounting discrepancies. Sansom eventually received the entire file in November 2015.

Upon concluding that Mintz and his firm overbilled the Holt heirs by $162,917.73, Sansom mailed a demand to Mintz Levin on March 9, 2016. He subsequently filed suit in state court on August 24, 2016 asserting claims against Mintz's estate and the Mintz Levin firm for conduct occurring between May 2001 and December 2010. After Defendants removed the case to federal court, the case was dismissed without prejudice on January 29, 2018 for Sansom's failure to prosecute. Sansom then filed the present suit—virtually identical to the first—in federal court on March 18, 2018. Finding that Sansom's claims were time-barred, the district court granted Defendants' motion to dismiss for failure to state a claim on December 21, 2018. This appeal followed.

## II.

Sansom concedes that the limitations periods for all his claims are either two or four years. His only argument on appeal is that in granting Defendants' motion to dismiss the district court failed to properly apply the discovery rule under Texas law.

We review a district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim *de novo*. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Id*. at 366. Under

3

Texas law the discovery rule provides a "very limited exception to statutes of limitations" by tolling the limitations period "until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action." *Computer Assocs. Int'l., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). However, if a plaintiff is "apprised of facts that would prompt a reasonably diligent person to make an inquiry that would lead to discovery of the cause of action," the limitations period is not tolled. *PPG Indus., Inc. v. JMB/Houston Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93 (Tex. 2004).

Sansom does not specify when he thinks he was put on notice as to Defendants' alleged misconduct. A charitable reading of his brief suggests he believes he was put on notice when he received the Holt file from Mintz Levin in November 2015 such that Sansom's claims (even the ones with two-year limitations periods) were timely made when he filed his state court lawsuit in August 2016. But even on this generous construal, Sansom's argument is doubly flawed.

First, the alleged facts show that Sansom was on notice as to the heirs' concerns no later than January 30, 2014. In an affidavit submitted to the district court, Sansom acknowledges that one of the Holt heirs told Sansom about Mintz Levin's excessive billing sometime in January 2014, and that Sansom sent a follow up letter to the firm on January 30, 2014 in order to investigate those concerns.[1] The district court properly recognized that if Sansom was suspicious enough to send the letter, he was apparently "apprised of facts that would prompt a reasonably diligent person to make an inquiry

---

[1] To be sure, Sansom's affidavit is outside the pleadings and may have been improperly submitted, having been filed in response to Defendants' motion to dismiss. Nevertheless, the district court apparently relied the contents of the affidavit in ruling on Defendants' motion, and Sansom does not challenge this reliance on appeal. In fact, Sansom's brief to this court urges us to consider the facts "particularly described in the affidavit of Geoffrey Sansom and the exhibits to same filed in the District Court action."

that would lead to discovery of the cause of action." Because the limitations period began to run on Sansom's claims no later than January 30, 2014, all his claims were barred by the time he filed the present suit on March 19, 2018.

Second, the fact that Sansom filed virtually identical claims in state court on August 24, 2016 did nothing to preserve his causes of action, including the ones with four-year limitations periods that were still alive at that time. "[A]lthough the filing of suit and service of citation interrupt the running of the statute [of limitations], its dismissal for want of prosecution will have the same effect as if the suit had never been filed." *Milestone Properties, Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 119 (Tex. App. 1993) (internal quotation omitted). "When a cause of action is dismissed and later refiled, limitations are calculated to run from the time the cause of action accrued until the date that the claim is refiled." *Delhomme v. Comm'n for Lawyer Discipline*, 113 S.W.3d 616, 621 (Tex. App. 2003) (citing *Clary Corp. v. Smith*, 949 S.W.2d 452, 459 (Tex. App. 1997). Because Sansom's August 2016 lawsuit was dismissed for failure to prosecute, it did not interrupt the running of the applicable statutes of limitations.

Based on the foregoing, the district court properly found that Sansom's claims were time-barred.

AFFIRMED.