**AFFIRMED and Opinion Filed April 11, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-01109-CV

**CHARLOTTE ANNE DIFFEE, INDIVIDUALLY AS THE
REPRESENTATIVE OF THE ESTATE OF JASON SCOTT DIFFEE,
Appellant
V.
DAVID GUTIERREZ, MASON DIXON INTERMODAL, INC. D/B/A
UNIVERSAL INTERMODAL SERVICES, INC. AND D/B/A MICHIGAN
MASON DIXON INTERMODAL, INC., Appellees**

**On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-13132**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Garcia
Opinion by Justice Nowell

Appellant Charlotte Anne Diffee, Individually and as the Representative of

the Estate of Jason Scott Diffee, appeals a summary judgment dismissing her

survival claims asserted on behalf of Jason's estate. Charlotte contends the trial

court erred in applying the statute of limitations because her subsequent appointment

as temporary executor of Jason's estate triggered application of the relation back

doctrine. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068. We affirm the trial court's judgment.

## Background

On October 31, 2017, at approximately 5:49 a.m., Jason was driving northbound on Central Expressway near State Highway 310 when David Gutierrez, who was driving a tractor-trailer, pulled out in front of Jason causing a collision. At the time of the accident, Gutierrez was acting in the course and scope of his employment with appellee Mason Dixon Intermodal. Jason subsequently died on February 27, 2018, from personal injuries suffered in the crash.

On October 30, 2019, Jason and Charlotte filed their original petition against appellees for negligently causing Jason's death. She named Jason as a plaintiff and herself "individually and for the benefit of M.D.D., minor, and L.S.D., minor, wrongful death beneficiaries of Jason Scott Diffee." They sought recovery for the following damages: (1) physical pain and mental anguish, past and future; (2) necessary and reasonable medical expenses, past; (3) loss of earning capacity, past and future; (4) disfigurement, past and future; (5) physical impairment, past and future; (6) loss of household services, past and future; (7) loss of consortium, past and future; and (8) funeral expenses.

On March 23, 2020, appellees filed a Rule 91a motion to dismiss the Diffees' survival claims. Appellees argued the Diffees lacked both standing and capacity to assert a survival cause of action because Jason died prior to filing the original

–2–

petition and the remaining plaintiffs did not claim to act on behalf of Jason's estate either as the estate's personal representative or Jason's heir. Thus, "even if the court accepts as true all pled allegations, none of the plaintiffs have any basis in law to recover on their survival claims, which should be dismissed with prejudice." Appellees further argued any attempt by the Diffees to cure the pleading defects would be futile because Jason's survival claim was barred by the two-year statute of limitations.

On April 13, 2020, "Charlotte Anne Diffee, individually and for the benefit of M.D.D., minor, and L.S.D., minor, wrongful death beneficiaries of Jason Scott Diffee" filed a first amended original petition. The amended petition removed any reference to the survival damages previously sought.[1] In light of the amended pleading, appellees withdrew their Rule 91a motion to dismiss.

On June 25, 2021, Charlotte filed a second amended original petition "individually as the representative of the estate of Jason Scott Diffee" for negligence and sought the following damages based on serious personal injuries Jason sustained: (1) physical pain, suffering, and mental anguish, past; (2) necessary and reasonable medical expenses, past; and (3) loss of wages, past.

---

[1] Instead, they sought damages for "loss[] of care, maintenance, support services, advice, counsel, and contributions of pecuniary value that they would have in reasonable probability" received from Jason had he lived. They alleged they suffered "additional losses by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support, and happiness." They further suffered "mental depression and anguish, grief, and sorrow as the result of [Jason's] death and are likely to continue to suffer for a long time in the future."

Appellees filed a traditional and no-evidence motion for summary judgment challenging Charlotte's survival claim on behalf of the estate because it was conclusively barred by limitations. They asserted her second amended petition could not relate back to the timely-filed original petition because no plaintiff was acting on behalf of the estate and Jason, who was deceased, lacked capacity and standing to pursue a survival claim. Appellees further argued Charlotte provided no evidence she had capacity to prosecute a survival claim on behalf of Jason's estate.

Charlotte filed a response asserting her repeated allegations that (1) the automobile accident caused Jason's serious personal injuries and subsequent death, (2) Gutierrez proximately caused plaintiffs' damages, and (3) Jason sustained serious personal injuries as a direct and proximate result of defendants' negligence, which were sufficient to allege a survival cause of action on behalf of Jason's estate. Thus, her second amended original petition related back to the timely-filed original petition because the amendment was not wholly based on a new, distinct, or different transaction or occurrence. *See* TEX. CIV. PRAC. & REM. CODE ANN. §16.068. She also attached to her response her appointment as temporary administrator of Jason's estate, which the court signed on September 7, 2021.

Appellees conceded in their reply that Charlotte provided evidence establishing her capacity to assert a survival suit and abandoned their no-evidence motion for summary judgment. However, appellees still maintained that Charlotte's survival claims were barred by limitations, and they were entitled to judgment as a

–4–

matter of law. "Jason's original inclusion as a plaintiff is fatal to Charlotte's relation-back argument" because he was a stranger to his own survival claim given his death prior to suit.

On September 17, 2021, the trial court granted appellees' traditional motion for summary judgment. Charlotte filed a motion for new trial, which was overruled by operation of law, and this appeal followed.

## Standard of Review

We review summary judgments de novo, viewing the evidence in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). Where, as here, a defendant moves for traditional summary judgment, it must demonstrate that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *Zive*, 644 S.W.3d at 173. When a party moves for summary judgment on the affirmative defense of limitations, it must conclusively prove when the cause of action accrued. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). If the summary judgment movant establishes the statute of limitations bars the action, the nonmovant must adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.*

## Discussion

Charlotte argues the trial court erred by granting a traditional motion for summary judgment because the second amended petition relates back to the timely filed original petition. Appellees respond that the original petition did not assert a survival claim because there was no party with both standing and capacity to do so; therefore, her amended petition could not relate back to the original pleading and toll limitations.

A person must bring suit for a personal injury no later than two years after the day the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). A cause of action for negligence accrues on the date the negligent, injury-producing act is committed. *Taylor v. Hill*, No. 05-15-00385-CV, 2016 WL 825722, at *2 (Tex. App.—Dallas Mar. 3, 2016, no pet.) (mem. op). In this case, it is undisputed the accident occurred, and Jason's negligence cause of action accrued, on October 31, 2017. However, because he died during the two-year statute of limitations, the statute of limitations for his survival claim was tolled for twelve months. TEX. CIV. PRAC. & REM. CODE ANN. § 16.062(a). Thus, the personal representative of Jason's estate was required to bring a survival claim by November 2, 2020.[2] Appellants claim the original petition, filed on October 30, 2019, satisfies the statute of

---

[2] Because October 31, 2020, fell on a Saturday, the statute of limitations carried over to Monday, November 2, 2020.

–6–

limitations and the relation-back doctrine as set forth in section 16.068 of the civil practice and remedies code applies to the second amended petition.

Section 16.068 states:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM. CODE ANN. §16.068. Under section 16.068, a two-part test determines whether an amended pleading relates back to an original pleading to avoid limitations. *Ware v. Everest Grp., L.L.C.*, 238 S.W.3d 855, 866 (Tex. App.—Dallas 2007, pet. denied). First, the cause of action asserted in the original pleading must not have been barred by limitations when the original pleading was filed. *Id.* Second, the amended pleading which changes the facts or grounds of liability or defense must not be wholly based on a new, distinct, or different transaction or occurrence. *Id.*

The intent of section 16.068 is "to protect *existing* rights, not to create or revive a right or cause of action that had terminated prior to the claim being asserted." *Id.* (quoting *Almazan v. United Servs. Auto. Ass'n, Inc.*, 840 S.W.2d 776, 779 (Tex. App.—San Antonio 1992, writ denied) (emphasis in original)). The relation-back doctrine does not save application of the statute of limitations to claims that have been dismissed and are later refiled. *Delhomme v. Comm'n for Law. Discipline*, 113 S.W.3d 616, 621 (Tex. App.—Dallas 2003, no pet.). A timely filed

suit, subsequently nonsuited, does not toll limitations, and the nonsuit is treated as though the first lawsuit had never been filed against the defendants. *See Cebor Serv. Corp. v. Landscape Design & Const., Inc.*, 270 S.W.3d 328, 333 n.3 (Tex. App.—Dallas 2008, no pet.). Moreover, "[o]rdinarily, an amended pleading adding a new party does not relate back to the original pleading." *Gibbs v. City of Houston*, No. 01-20-00570-CV, 2021 WL 4733790, at *3 (Tex. App.—Houston [1st Dist.] Oct. 12, 2021, pet. denied) (mem. op.) (quoting *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 121 (Tex. 2004)).

Despite asserting a survival claim for the first time in the second amended petition, Charlotte relies on section 16.068 to argue the amended petition relates back to the timely filed original petition. Under the facts of this case, we cannot agree.

A plaintiff must have both standing and capacity to bring a lawsuit. *Coastal Liquids Transp., L.P., v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001). A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Id.*

Here, the original petition named Jason, individually, and Charlotte, individually and on behalf of two minors, as wrongful death beneficiaries. They were listed separately under the "**Parties**" section of the petition. However, because Jason died prior to the filing of the original petition, he had neither standing nor

capacity to assert a legal claim; his inclusion in the original petition was a nullity that did not invoke the trial court's jurisdiction and could not toll the statute of limitations. *Armes v. Thompson*, 222 S.W.3d 79, 83–84 (Tex. App.—Eastland 2006, no pet.) ("[w]hen Armes passed away, she no longer represented a legal entity for purposes of filing a suit and, therefore, did not have standing to assert a claim" because suits can be maintained by and against only parties having an actual or legal existence).

Any claim Jason owned before his death passed to his heirs and devisees, subject to his estate's administration. TEX. CIV. PRAC. & REM. CODE ANN. § 71.021(b) ("A personal injury action survives to and in favor of the heirs, legal representations, and estate of the injured person.") (Texas Survival Statute). The original petition named Charlotte in her individual capacity and for the benefit of minors, as wrongful death beneficiaries, but not as the personal representative of Jason's estate. The petition did not name Jason's estate, indicate their was an estate representative, or otherwise mention the Texas Survival Statute.

When appellees filed their Rule 91a motion to dismiss highlighting these procedural deficiencies, Charlotte filed a first amended petition nonsuiting Jason and removing any requests for damages that could be associated with a survival claim. Nothing remained or was added to the amended complaint to indicate Charlotte was asserting a survival claim on behalf of Jason's estate.

Not until the second amended petition filed on June 25, 2021, almost four years after the accident giving rise to the claim, did Charlotte bring a survival action on behalf of Jason's estate ("Charlotte Anne Diffee, Individually and as the Representative of the Estate of Jason Scott Diffee").  Accordingly, the relation-back doctrine cannot save her claims because there was no timely and properly pleaded survival action before the court to which section 16.068 could apply.  *See Ware*, 238 S.W.3d at 866 (recognizing intent of section 16.068 is "to protect existing rights, not to create or revive a right or cause of action that has been terminated prior to the claim being asserted").

In reaching this conclusion we reject Charlotte's reliance on *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 852 (Tex. 2005) and *Flores v. Cameron County*, 92 F.3d 258, 272 (5th Cir. 1996).  In *Lovato*, the plaintiff's original petition asserting a health care liability claim on behalf of her mother's estate, filed within the limitations period, contained allegations that the plaintiff was the personal representative of the estate but also alleged no estate administrator had been appointed.  *Lovato*, 171 S.W.3d at 847.  The plaintiff filed an application for independent administration of her mother's estate two months after filing the survival action and was appointed administrator after limitations ran.  *Id.*  The supreme court concluded an original pleading containing the allegation of the correct capacity "should suffice for limitations purposes, provided that capacity, if challenged, is established within a reasonable time."  *Id.* at 853.  Thus, plaintiff's

–10–

lack of capacity was cured by her appointment as administrator after limitations ran, but before the survival action was dismissed. In reaching this conclusion, the court cited cases demonstrating that courts have long permitted post-limitations amended pleadings alleging a representative capacity for the first time to relate back to pleadings filed during limitations. *Id.*

Unlike the plaintiff in *Lovato*, Charlotte never alleged she, or anyone else, was the personal representative of Jason's estate until after limitations expired. As such, the second amended petition cannot be read as an attempt to cure Charlotte's lack of capacity for a properly pleaded survival action because she had previously only pleaded claims against appellees in her capacity as a wrongful death beneficiary.

*Flores* was decided, in part, based on Federal Rule of Civil Procedure 15(c), which provides, in relevant part, "an amendment of a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–*or attempted to be set out*–in the original pleading." FED. R. CIV. P. 15(c)(1)(B) (emphasis added). The court concluded the amendment to the complaint "seeks to correct a technical difficulty" with the original complaint—to formally allege that Flores sought damages in her representative capacity as administrator of the estate. *Id.* at 273. The court further noted that while Flores did not have capacity to bring suit on behalf of the estate when she first filed her original complaint, the original complaint alleged

–11–

a survival action and requested survival damages, thereby notifying Cameron County it would be required to defend against such an action. *Id.*

Unlike *Flores*, the second amended petition does not seek to correct a technical difficulty with the original petition. Charlotte did not name a personal representative of Jason's estate in the original petition, and she subsequently nonsuited the survival cause of action in her first amended pleading. Also, unlike federal rule of procedure 15, section 16.068 of the civil practice and remedies code does not contain language allowing for relation back if the amendment sought to include a claim or defense "attempted to be set out in the original pleading." *Compare* FED. R. CIV. P. 15 *with* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068.

To the extent appellees may have originally had notice they would be required to defend a survival claim and Charlotte intended to seek such relief, any such notice was extinguished when she nonsuited the claim. *See, e.g.*, *Covington v. Sisters of Charity of Incarnate Word*, 179 S.W.3d 583, 587 (Tex. App.—Amarillo 2005, pet. denied) (concluding that "although [the original petition] may have served the purpose of timely notifying the defendants that a survival claim was being asserted on behalf of the estate," the relation-back doctrine did not apply because decedent's sister was a "stranger to the suit" and did not have capacity to bring the survival cause of action).

Because the addition of the survival claims on June 21, 2021, was untimely and the relation-back doctrine does not apply, appellees established as a matter of

–12–

law that Charlotte's survival claims were barred by the statute of limitations. Accordingly, the trial court properly granted the traditional motion for summary judgment. Charlotte's issue is overruled.

## Conclusion

We affirm the trial court's judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

211109F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLOTTE ANNE DIFFEE, INDIVIDUALLY AS THE REPRESENTATIVE OF THE ESTATE OF JASON SCOTT DIFFEE, Appellant

No. 05-21-01109-CV        V.

DAVID GUTIERREZ, MASON DIXON INTERMODAL, INC. D/B/A UNIVERSAL INTERMODAL SERVICES, INC. AND D/B/A MICHIGAN MASON DIXON INTERMODAL, INC., Appellees

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-13132. Opinion delivered by Justice Nowell. Justices Reichek and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees DAVID GUTIERREZ, MASON DIXON INTERMODAL, INC. D/B/A UNIVERSAL INTERMODAL SERVICES, INC. AND D/B/A MICHIGAN MASON DIXON INTERMODAL, INC. recover their costs of this appeal from appellant CHARLOTTE ANNE DIFFEE, INDIVIDUALLY AS THE REPRESENTATIVE OF THE ESTATE OF JASON SCOTT DIFFEE.

Judgment entered April 11, 2023.