**AFFIRM in part and REVERSE and REMAND in part; and Opinion Filed November 9, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00820-CV**

**17714 BANNISTER, Appellant**
**V.**
**TAS ENVIRONMENTAL SERVICES LP, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04496-2020**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Smith

In this appeal, 17714 Bannister challenges the trial court's dismissal of its

breach of contract, negligence, nuisance, and trespass claims against appellee TAS

Environmental Services, L.P. (TAS). 17714 Bannister raises two issues, contending

the trial court erred in dismissing the claims based on either special exceptions or a

Rule 91a[1] motion to dismiss. For the following reasons, we affirm in part, reverse

in part, and remand for further proceedings.

---

[1] TEX. R. CIV. P. 91a.

## Background

In its original petition, 17714 Bannister alleged that it leased office, warehouse, and yard space at 17714 Bannister Street in Dallas, Texas (the premises) to TAS beginning in August 2005. The lease was extended several times; TAS ultimately vacated the premises in March 2018. According to the petition, 17714 Bannister discovered that TAS stored hazardous materials on the premises, those materials leaked onto soil, carpet, and sheetrock, and the premises required extensive remediation. 17714 Bannister asserted claims against TAS for breach of contract and negligence. 17714 Bannister thereafter filed a first amended petition, which alleged the same operative facts and claims.

TAS filed special exceptions. In the only special exception relevant to this appeal, TAS asserted that 17714 Bannister was an assumed name for Dallascape, Inc., a company owned by Anthony Martellotto. Dallascape's assumed name certificate had expired while the case was pending; therefore, TAS argued, Dallascape lacked capacity or legal authority to file suit as 17714 Bannister. TAS also contended that property records showed the premises was owned by Meredith Branstetter, trustee of the Bannister Trust. Following a hearing, the trial court granted the special exception and ordered that, within fourteen days, the petition be amended to include the plaintiff's correct legal name and facts establishing its

capacity to sue. The order cautioned that the court would dismiss the lawsuit if the plaintiff failed or refused to timely amend and cure the defect.

17714 Bannister timely filed a second amended petition in response to the trial court's order. The petition identified Branstetter, trustee of the Bannister Trust d/b/a 17714 Bannister, as plaintiff and landlord and alleged that TAS leased the premises from the Bannister Trust, which conducted business under its informal common name of 17714 Bannister.

Approximately two months later, Branstetter, as trustee of the Bannister Trust d/b/a 17714 Bannister, filed a third amended petition. The petition added allegations that the premises was conveyed to the trust on March 29, 2006, and, as of that date, the trust was landlord of the premises, was identified in the lease as 17714 Bannister, and did business as 17714 Bannister.

A fourth amended petition was filed almost three months later. It named as plaintiffs: Branstetter, as trustee of (1) the Bannister Trust d/b/a 17714 Bannister, (2) the Sender Living Trust d/b/a 17714 Bannister, (3) the O'Malley Living Trust d/b/a 17714 Bannister, and (4) the Blair Living Trust d/b/a 17714 Bannister; and Dallascape d/b/a 17714 Bannister. The petition alleged that the trusts and Dallascape conducted business under the informal common name 17714 Bannister. A copy of the lease agreement attached to the fourth amended petition shows that TAS entered into the lease with 17714 Bannister. The petition further alleged that, beginning January 2001, Martellotto leased the premises to Dallascape d/b/a 17714

–3–

Bannister. Beginning August 2005, TAS leased the premises. On March 29, 2006, two of the three tracts that comprised the premises were conveyed to the Bannister Trust, and Martellotto assigned his role as landlord to the Bannister Trust. Also on March 29, 2006, two parcels of property, which together constituted a third tract of the premises, were conveyed to the Sender Living Trust and the O'Malley Living Trust and another tract adjacent to the premises was conveyed to the Blair Living Trust. The fourth amended petition also added new claims against TAS for negligence per se, trespass, and nuisance.

TAS, asserting that plaintiffs remained unable to identify which entity had entered into the lease agreement, filed a motion to dismiss, motion to strike, and second special exceptions. In response, 17714 Bannister filed a fifth amended petition. That petition alleges that the previously-named trusts, two new trusts (the Collin Living Trust d/b/a 17714 Bannister and the Kelly II Living Trust d/b/a 17714 Bannister), and Dallascape d/b/a 17714 Bannister operated a joint venture called 17714 Bannister at all times relevant to the lawsuit. 17714 Bannister, the joint venture, is the only named plaintiff in the fifth amended petition.

TAS amended its motion to dismiss, motion to strike, and second special exceptions. TAS moved to dismiss the lawsuit in its entirety (or, alternatively, that 17714 Bannister's claims be stricken) based on 17714 Bannister's failure to comply with the court's special exceptions order. TAS also sought dismissal under Rule 91a and a second special exceptions, arguing that the claims against it were barred by

limitations, lack of privity, and lack of standing. On July 29, 2022, the trial court signed an order granting the motion and dismissing with prejudice all claims asserted against TAS.

This appeal followed. It is unclear from the trial court's order whether its dismissal of 17714 Bannister's claims was based on its special exceptions order, Rule 91a, and/or TAS's second special exceptions. In two issues, 17714 Bannister asserts the trial court erred in dismissing its claims on each ground.

**Special Exceptions Order**

In its first issue, 17714 Bannister contends that the trial court abused its discretion to the extent it dismissed 17714 Bannister's claims for failure to comply with the special exceptions order. 17714 Bannister asserts that it timely and adequately complied with the order and subsequently clarified its status as a joint venture.

A pleading must provide fair notice of the claim and relief sought such that the opposing party can prepare a defense. *See* TEX. R. CIV. P. 45, 47; *Thomas v. 462 Thomas Fam. Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied). The opposing party must be able to "ascertain from the pleading the nature of the controversy, its basic issues, and the type of evidence that might be relevant." *J.G. v. Jones*, 660 S.W.3d 786, 789 (Tex. App.—Dallas 2023, pet. denied); *Thomas*, 559 S.W.3d at 639–40.

An opposing party may challenge the sufficiency of a pleading by special exceptions. TEX. R. CIV. P. 91; *Gatten v. McCarley*, 391 S.W.3d 669, 673 (Tex. App.—Dallas 2013, no pet.). The purpose of special exceptions is to compel clarification of pleadings that are not sufficiently specific or fail to plead a cause of action. *J.G.*, 660 S.W.3d at 789. "If a trial court grants special exceptions, the pleader may either amend [its] petition to cure the defect or stand on the pleadings and test the decision on appeal." *Id.* (citing *Doe v. Univ. of the Incarnate Word*, No. 04-19-00453-CV, 2020 WL 3260080, at *1 (Tex. App.—San Antonio June 17, 2020, no pet.) (mem. op.)).

Before a trial court may dismiss a plaintiff's case for pleading defects it must afford the plaintiff an opportunity to amend and cure the defects. *Id.* (citing *Humphreys v. Meadows*, 938 S.W.2d 750, 753 (Tex. App.—Fort Worth 1996, writ denied)); *cf. Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("when the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading, unless the pleading defect is of a type that amendment cannot cure"). If the plaintiff makes a good faith attempt to amend its petition in response to an order granting special exceptions, the trial court may not dismiss the amended petition unless the defendant files special exceptions to the amended petition, the court sustains the new special exceptions, and the court gives the plaintiff the opportunity to amend the amended petition. *J.G.*, 660 S.W.3d at 789–90; *Humphreys*, 938 S.W.2d at 753. We review the trial court's decision to dismiss for

insufficient pleadings under an abuse of discretion standard. *J.G.*, 660 S.W.3d at 789; *Gatten*, 391 S.W.3d at 673.

Citing Texas Rule of Civil Procedure 28, TAS's special exceptions complained that 17714 Bannister lacked capacity to sue. Rule 28 provides that an entity doing business under an assumed name may sue in its assumed or common name, but the entity's correct legal name may be substituted on motion by any party or on the trial court's own motion. TEX. R. CIV. P. 28. An entity's correct legal name must be substituted before judgment. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 53 (Tex. 2003). TAS argued that 17714 Bannister was an assumed name for Dallascape, but Dallascape's assumed name certificate had expired while this lawsuit was pending.[2] Further, property tax records reflected that Branstetter, as trustee of the Bannister Trust, owned the premises.

In response to TAS's special exceptions and the trial court's order, 17714 Bannister timely amended its pleading to identify itself as Branstetter, trustee of the Bannister Trust d/b/a 17714 Bannister and alleged that the trust was the landlord of the premises. The amendment did not correctly identify 17714 Bannister.[3] We

---

[2] An entity's failure to file an assumed name certificate does not prevent it from initiating an action in court arising out of a contract or act in which an assumed name was used, but the entity may not maintain the action until an original, new, or renewed certificate has been filed. TEX. BUS. & COM. CODE ANN. § 71.201(a).

[3] TAS argues that there was no excuse for 17714 Bannister's failure to correctly identify itself when, as it subsequently alleged, it had operated as a joint venture and landlord since March 2006. We understand TAS's frustration with the fact that 17714 Bannister provided the correct identification only after multiple amendments. Our rules, though, allow a plaintiff to freely amend its petition, *see* TEX. R. CIV. P. 63, and 17714 Bannister did so to provide its correct legal name and information regarding its capacity to sue.

nevertheless conclude that 17714 Bannister, although incorrectly identifying itself as only one of the joint venturers that owned a portion of the premises, made a good faith attempt at the time to amend its pleadings to comply with the trial court's order. TAS did not file special exceptions challenging the second amended petition, and 17714 Bannister then amended its petition further to identify its correct legal name and show its capacity to sue. Accordingly, to the extent the trial court dismissed 17714 Bannister's claims for failure to comply with its special exception order, we conclude that the trial court abused its discretion. *See, e.g.*, *J.G.*, 660 S.W.3d at 791–92. We sustain 17714 Bannister's first issue.

## Rule 91a and Second Special Exceptions

TAS sought a Rule 91a dismissal of 17714 Bannister's claims on the grounds that (1) all of the claims were barred by the statute of limitations, (2) the breach of contract claims fail for lack of privity, and (3) Dallascape lacked standing to sue for injury to the premises.[4] TAS's second special exceptions also sought dismissal of the breach of contract and negligence claims because the fifth amended petition

---

[4] TAS's amended motion primarily addressed claims asserted by "new plaintiffs," referring to the trusts added as plaintiffs in the fourth amended complaint and Dallascape, which it asserts was omitted from the second amended petition, but appeared again in the fourth amended petition. The argument appears to rest on TAS's assumption that Dallascape, which held an assumed name certificate for 17714 Bannister beginning in 2001, had to be the named plaintiff in the original petition. However, the fact that Dallascape held an assumed name certificate and conducted business (including actively managing the joint venture) as 17714 Bannister did not preclude the joint venture also from conducting business in its own name during the same period. 17714 Bannister, the joint venture, is the only named plaintiff in the fifth amended petition and, although initially named incorrectly, has remained a plaintiff since it filed the original petition. The fifth amended petition superseded and supplanted the earlier pleadings, TEX. R. CIV. P. 65, so the trusts and Dallascape, by their omission, were effectively dismissed as plaintiffs. *See Woodruff v. Wright*, 51 S.W.3d 727, 731–32 (Tex. App.—Texarkana 2001, pet. denied). Accordingly, we only address TAS's arguments regarding dismissal as they apply to 17714 Bannister, the joint venture.

failed to state a claim for relief.[5]  In its second issue, 17714 Bannister asserts the trial court erred to the extent it dismissed its claims on each ground.

## 1. *Rule 91a*

Texas Rule of Civil Procedure 91a authorizes a defendant to move for dismissal of a cause of action that has no basis in law or fact.  *See* TEX. R. CIV. P. 91a.1; *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016) (per curiam). A cause of action has no basis in fact "if no reasonable person could believe the facts pleaded."  TEX. R. CIV. P. 91a.1.  A cause of action has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."  *Id.*  Typically, there are two circumstances in which a court may determine that a cause of action has no basis in law under rule 91a: (1) where the plaintiff fails to plead a legally cognizable cause of action; or (2) where the allegations in the plaintiff's own pleading establish a complete legal bar to its claims by affirmatively negating entitlement to the relief requested.  *See In re Shire PLC*, 633 S.W.3d 1, 18 (Tex. App.—Texarkana 2021, orig. proceeding).  For reversal of a Rule 91a dismissal, an appellant must negate the validity of each ground on which the trial court could have relied in granting the

---

[5] TAS excluded the breach of contract and negligence claims asserted by Bannister Trust from its Rule 91a motion, but argued that those claims were barred by the statute of limitations and a lack of privity in its second special exceptions.  Again, Bannister Trust was not named a plaintiff in the fifth amended petition.

–9–

dismissal. *Buholtz v. Gibbs*, No. 05-18-00957-CV, 2019 WL 3940973, at *3 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.).

Rule 91a provides a harsh remedy and should be strictly construed. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.); *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, orig. proceeding) (mem. op.). It is not a substitute for special exception or summary judgment practice. *Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at *4 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.).

The trial court must decide a rule 91a motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59.[6] TEX. R. CIV. P. 91a.6; *see Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). We review a trial court's decision on a rule 91a motion de novo; "the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Sanchez*, 494 S.W.3d at 724. We apply a fair-notice pleading standard to determine whether the petition sufficiently alleges a cause of action, *Thomas*, 559

---

[6] Rule 59 permits "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense" as pleading exhibits. TEX. R. CIV. P. 59.

S.W.3d at 639, and "construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *In re RNDC*, 2018 WL 2773262, at *1. "If a petition provides sufficient facts to give fair notice of the claim, then a motion seeking dismissal based on lack of a basis in fact should be denied. . . . Similarly, if nothing in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied." *Id.* (citation omitted).

## 2. *Statute of Limitations*

TAS moved to dismiss 17714 Bannister's claims, asserting the statute of limitations barred the claims, which TAS contended had to have accrued prior to March 31, 2018, when the lease agreement terminated and TAS ceased operations at the premises. As support, TAS cited photographs attached to the fifth amended petition purporting to show storage of hazardous materials on the premises and argued that, because Dallascape collected and managed lease payments, Dallascape and Martellotto knew or should have known of the activity and conditions reflected in the photographs.

Generally, a cause of action accrues and the limitations period begins to run "when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). Stated differently, a cause of action accrues "when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have

–11–

yet to occur." *Id.*; *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990). A breach of contract claim accrues at the time the contract is breached. *See, e.g.*, *Archer v. Tregellas*, 566 S.W.3d 281, 288 (Tex. 2018); *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006). 17714 Bannister's tort claims are subject to a two-year statute of limitations; its breach of contract claim is subject to a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 16.003(a), 16.051; *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 623 (Tex. 2011) (trespass); *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004) (nuisance); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 750 (Tex. 1999) (negligence); *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 707 (Tex. 2021) (contract).

The relation-back doctrine allows a party to assert additional grounds of liability or defense after limitations have run if they relate to the same transaction or occurrence the party had placed at issue in a pleading filed within limitations. *See* CIV. PRAC. & REM. ANN. § 16.068. Under section 16.068, a two-part test determines whether an amended pleading relates back to an original pleading. *Ware v. Everest Grp., L.L.C.*, 238 S.W.3d 855, 866 (Tex. App.—Dallas 2007, pet. denied). First, the statute of limitations must not have barred the cause of action asserted in the original pleading when the original pleading was filed. *Id.* Second, the amended pleading that changes the facts or grounds of liability or defense must not be wholly based on a new, distinct, or different transaction or occurrence. *Id.*

A Rule 91a dismissal may be based on an affirmative defense, but dismissal is not appropriate when the defense is not "conclusively established by the facts in a plaintiff's petition." *Bethel*, 595 S.W.3d at 656. 17714 Bannister's fifth amended petition does not allege facts pertaining to the statute of limitations. Specifically, the petition does not allege when there was injury to the premises, i.e. when hazardous materials were stored or leaked, when the lease agreement was breached, or facts to show if or when either Martellotto or Dallascape had notice of hazardous materials on the premises or hazardous materials leaking. Instead, it alleges generally that TAS vacated the Premises on or about March 31, 2018, and 17714 Bannister discovered and learned that TAS had stored hazardous materials on the premises in violation of the lease agreement and the materials were released into the environment.[7]

17714 Bannister first asserted its breach of contract and negligence claims against TAS in its original petition, which it filed on September 14, 2020. TAS acknowledges that, assuming some of the alleged property damage occurred within the last weeks of TAS's lease, 17714 Bannister had until September 15, 2020 to initiate its tort claims.[8] 17714 Bannister would have had additional time to file its breach of contract claim. Accordingly, we conclude that nothing in the fifth

---

[7] The photographs attached to the petition are not dated and, in any event, are not pleading exhibits that can be considered in deciding a Rule 91 motion. *See* TEX. R. CIV. P. 91a.6.

[8] Any limitations deadline falling between March 13, 2020 and September 1, 2020 for filing civil cases was extended to September 15, 2020. *See Twenty-First Emergency Order Regarding the Covid-19 State of Disaster*, 609 S.W.3d 128, 129 (Tex. July 31, 2020).

amended petition triggers a clear legal bar to 17714 Bannister's breach of contract and negligence claims under the statute of limitations.

17714 Bannister first asserted its claims for negligence per se, trespass, and nuisance in its fourth amended petition, which was not filed until March 2022. Although 17714 Bannister pleaded additional details related to its claims in its amended petitions, the new claims also concern TAS's storage of hazardous materials on the premises during the lease. Because the claims are not based on a new, distinct, or different transaction, we conclude they relate back to 17714 Bannister's original petition and nothing in the fifth amended petition triggers a clear legal bar to the claims under the statute of limitations. *See* TEX. CIV. PRAC. & REM. ANN. § 16.068; *e.g.*, *Lexington Ins. Co. v. Daybreak Express, Inc.*, 393 S.W.3d 242, 245 (Tex. 2013) (per curiam) (relation-back doctrine applied because statutory cargo-damage claim and breach-of-settlement claim based on settlement to resolve cargo-damage dispute arose out of same occurrence—shipment of cargo).

Construing the fifth amended petition liberally in 17714 Bannister's favor and accepting as true its factual allegations, we cannot conclude that its claims are barred by the statute of limitations. *See, e.g.*, *Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115, at *7 (Tex. App.—Dallas May 31, 2023, no pet.) ("viewing the [plaintiffs'] pleading against [the defendant's] . . . affirmative defense of limitations, we conclude that because nothing within the [plaintiffs'] pleading itself triggers a clear legal bar to their claims, the claims cannot be said to

–14–

lack a basis in law, and the trial court erred in granting the rule 91a motion on this basis"); *Life v. Gino Morena Enterprises, LLC*, No. 08-23-00055-CV, 2023 WL 4557747, at *5 (Tex. App.—El Paso July 17, 2023, no pet.) (mem. op.) (when plaintiff's petition did not allege dates upon which alleged wage theft occurred, limitations was not a basis on which Rule 91a motion to dismiss plaintiff's theft of services claim should have been granted). Accordingly, we conclude the trial court erred to the extent it granted TAS's rule 91a motion to dismiss on statute of limitations grounds.[9]

### 3. *Lack of Privity*

TAS next moved to dismiss 17714 Bannister's breach of contract claim for lack of privity. Specifically, TAS argued that it entered into the lease with Dallascape, which was using the assumed name 17714 Bannister during the lease term, and the fifth amended petition does not allege that there was an express assignment of contractual rights and interests under the lease agreement to any of the trusts.

Generally, "the benefits and burdens of a contract belong only to the contracting parties, and 'no person can sue upon a contract except he be a party to

---

[9] To the extent the trial court dismissed the claims on these grounds in response to TAS's second special exceptions, we likewise conclude that the dismissal was an error. A trial court may dismiss a claim after sustaining special exceptions without providing an opportunity to amend if the pleading defect is of a type that an amendment cannot cure. *See Sonnichsen*, 221 S.W.3d at 635. Here, however, the fifth amended petition did not affirmatively allege facts demonstrating that 17714 Bannister's claims were time barred, so dismissal of the claims based on the statute of limitations would have been an abuse of the trial court's discretion.

or in privity with it.'"[10] *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (citation omitted). Privity is established by proof that the defendant was a party to an enforceable contract with either the plaintiff or a party who assigned its cause of action to the plaintiff. *OAIC Commercial Assets, L.L.C. v. Stonegate Vill. L.P.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied).

The lease agreement attached to the fifth amended petition identified TAS as the lessee and 17714 Bannister as the landlord. The petition alleges that, at that time, Dallascape held an assumed name certificate for 17714 Bannister. The petition, however, further alleges that, upon the 2006 conveyance of the premises and adjacent tract to the trusts and from that time forward, TAS leased the premises from 17714 Bannister, the joint venture comprised of the trusts and Dallascape.[11] In furtherance of the joint venture, the trusts owned property that was leased by 17714 Bannister and Dallascape actively managed the joint venture. Operating as part of the joint venture, Dallascape and the trusts each conducted business under the assumed name 177154 Bannister.

Limiting our review to 17714 Bannister's live pleading, as we must, and accepting as true the factual allegations in the pleading, we cannot conclude that

---

[10] An exception to this general rule applies to qualifying third-party beneficiaries. *Brumitt*, 519 S.W.3d 95, 102.

[11] The petition also alleges facts to show that 17714 was a joint venture. *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 225 (Tex. 2017) ("The elements of a joint venture are (1) an express or implied agreement to engage in a joint venture, (2) a community of interest in the venture, (3) an agreement to share profits and losses from the enterprise, and (4) a mutual right of control or management of the enterprise.").

17714 Bannister lacked privity. Whether 17714 Bannister satisfies the criteria for a joint venture and whether TAS leased the premises from the joint venture during the lease term are questions to be resolved on the parties' evidence and are not suitable for a Rule 91a motion to dismiss. *See Bethel*, 595 S.W.3d at 656. Accordingly, we conclude that 17714 Bannister's breach of contract claim, as pleaded, is not without a basis in fact or law and the trial court erred in dismissing the claim under Rule 91a.[12]

### 4. *Lack of Standing*

TAS also moved to dismiss Dallascape d/b/a 17714 Bannister's claims for lack of standing because it did not own the premises or adjacent tract of land and, therefore, cannot demonstrate that any act or omission by TAS caused it damage. Because 17714 Bannister, the joint venture, remains the only plaintiff in the fifth amended petition, we construe TAS's argument to apply to the joint venture and we agree in part.

"Standing is a constitutional prerequisite to suit," and "[a] court has no jurisdiction over a claim made by a plaintiff who lacks standing to assert it." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*,

---

[12] For the same reasons, dismissal for lack of privity in response to TAS's second special exceptions also would be an abuse of discretion.

171 S.W.3d 845, 848 (Tex. 2005) (citation omitted). A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority. *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). To establish standing, a plaintiff must allege "a concrete injury . . . and a real controversy between the parties that will be resolved by the court." *Heckman*, 369 S.W.3d at 154. "[I]f a plaintiff lacks standing to assert one of his claims, the court lacks jurisdiction over that claim and must dismiss it." *Id.* at 150.

When, as here, a Rule 91a motion challenges the trial court's subject-matter jurisdiction, the motion effectively constitutes a plea to the jurisdiction, and we apply the standard of review for a plea to the jurisdiction challenging only the pleadings. *See Lexington v. Treece*, No. 01-17-00228-CV, 2021 WL 2931354, at *15 (Tex. App.—Houston [1st Dist.] July 13, 2021, pet. denied) (mem. op.) (citing *Dall. Cnty. Republican Party v. Dall. Cnty. Democratic Party*, No. 05-18-00916-CV, 2019 WL 4010776, at *3 (Tex. App.—Dallas Aug. 26, 2019, pet. denied) (mem. op.)). We review the trial court's grant of a plea to the jurisdiction de novo and determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In doing so, we look to the pleader's intent and construe the pleadings in its favor. *Id.* If the pleadings lack sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should generally be given an

opportunity to amend. *Lexington*, 2021 WL 2931354, at *15 (citing *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)). If the pleadings affirmatively negate the existence of jurisdiction, then the plea may be granted without allowing the plaintiff an opportunity to amend. *Id.*

In Texas, a cause of action for injury to real property accrues when the injury is committed. *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 331 S.W.3d 419, 424 (Tex. 2010). And, "[t]he right to sue is a personal right that belongs to the person who owns the property at the time of the injury." *Id.*; *Denman v. Citgo Pipeline Co.*, 123 S.W.3d 728, 732 (Tex. App.—Texarkana 2003, no pet.); *e.g.*, *Senn v. Texaco, Inc.*, 55 S.W.3d 222, 225–26 (Tex. App.—Eastland 2001, pet. denied) (when "[a]ny injury to the land that the defendants might have caused, whether temporary or permanent, occurred prior to the [plaintiffs'] purchase of the land," the plaintiffs had no causes of action for either type of injury that may have been caused by the defendants).

The fifth amended petition makes clear that the trusts, and not the joint venture, owned the premises and adjacent real property. Accordingly, 17714 Bannister's tort claims belonged to the trusts, *see Denman*, 123 S.W.3d at 734; *Senn*, 55 S.W.3d at 226, and the trial court lacked jurisdiction over 17714 Bannister's tort claims and did not err in dismissing them. *See Lexington*, 2021 WL 2931354, at *15.

However, to the extent the trial court dismissed 17714 Bannister's breach of contract claim for lack of standing, we conclude the trial court erred. As discussed above, the fifth amended petition alleges facts to show that, at least from March 2006, TAS leased the premises from 17714 Bannister, the joint venture comprised of the trusts and Dallascape. 17714 Bannister thus alleges that it has an enforceable interest as a party to the lease agreement. *See Am. Pride Xpress Logistics, Inc. v. Joe Jordan Trucks, Inc.*, No. 05-20-00281-CV, 2021 WL 5754807, at *5 (Tex. App.—Dallas Dec. 3, 2021, no pet.) (mem. op.) ("For purposes of standing, privity is established by proving the defendant was a party to an enforceable contract with either the plaintiff or a party who assigned its cause of action to the plaintiff."); *Republic Petroleum, LLC v. Dynamic Offshore Res. NS, LLC*, 474 S.W.3d 424, 430 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Further, the petition alleges that TAS breached specific provisions of the lease agreement by storing hazardous materials on the premises, failing to comply with applicable laws, ordinances, and regulations, leaving hazardous waste contamination on the premises, leaving the fence and concrete pad in a state of disrepair, failing to obtain a certificate of occupancy, and failing to reimburse 17714 Bannister for utilities. The petition alleges that, as a result of the breaches, 17714 Bannister suffered damages and TAS is contractually obligated to reimburse 17714 Bannister for the extent of the damages. Construing the pleadings liberally in favor of 17714 Bannister and looking to its intent, we conclude that the fifth amended petition

–20–

alleges a concrete injury to 17714 Bannister and a real controversy between the parties. *See, e.g.*, *John C. Flood of DC, Inc. v. Supermedia, L.L.C.*, 408 S.W.3d 645, 652 (Tex. App.—Dallas 2013, pet. denied) (plaintiff had standing to bring breach of contract claim against defendant when petition alleged, and summary judgment evidence supported, that plaintiff was party to contract under its former business name, defendant agreed to pay plaintiff for services but did not, and defendant was indebted to plaintiff). Accordingly, we sustain 17714 Bannister's second issue with respect to its breach of contract claim, but overrule the second issue to the extent that it argues dismissal of its tort claims was improper.

## Conclusion

We affirm the trial court's order granting TAS's amended motion to dismiss, motion to strike, and second special exceptions in part and reverse in part. We affirm the order to the extent that it dismissed 11747 Bannister's negligence, negligence per se, trespass, and nuisance claims against TAS. We reverse the order to the extent it dismissed 11747 Bannister's breach of contract claim against TAS. We remand the case to the trial court for further proceedings in accordance with this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

220820F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

17714 BANNISTER, Appellant

No. 05-22-00820-CV     V.

TAS ENVIRONMENTAL
SERVICES LP, Appellee

On Appeal from the 429th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 429-04496-
2020.
Opinion delivered by Justice Smith.
Justices Carlyle and Kennedy
participating.

In accordance with this Court's opinion of this date, the July 29, 2022 order of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order dismissing appellant 11714 Bannister's breach of contract claim against appellee TAS Environmental Services, LP. In all other respects, the trial court's order is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 9th day of November 2023.